[Crim. No. 2291.   First Dist., Div. Two.   June 2, 1944.]

In re JAMES SOLDAVINI, on Habeas Corpus.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Appellant.

Nathan C. Coghlan for Respondent.

NOURSE, P. J.—The State appeals from an order granting petitioner a writ of habeas corpus discharging him from custody. In 1933 respondent was delivered to the warden at San Quentin Prison following a conviction for attempted robbery. In August, 1934, his term was fixed at twelve years, and in June, 1939, he was released on parole. In October, 1940, he was convicted of burglary in the second degree and sentenced to Folsom Prison, where he was received on November 22, 1940. On June 19, 1941, this conviction was reversed on the grounds of the failure of the trial court to instruct the jury on the presumption of innocence. (*People v. Soldavini*, 45 Cal.App.2d 460 [114 P.2d 415].)

On January 21, 1941, the Board of Prison Terms and Paroles revoked the parole of respondent, and on May 30, 1941, the Board of Prison Directors, after due notice and hearing, cancelled "such time credits as he has heretofore earned, or may hereafter earn."

On January 16, 1942, respondent was again convicted of burglary in the second degree upon a retrial of the former case. He was granted probation subject to the condition that he serve ten months in the county jail. At the completion of this sentence he was taken into custody by the state

parole officer and commenced these proceedings for his release.

The petition is grounded on the assertion that the Board of Prison Directors acted unlawfully in cancelling petitioner's time credits because they acted solely upon the charge of the prisoner's conviction upon the burglary charge and that no other evidence was offered or received. Following the issuance of the writ herein the State Parole Officer made return containing excerpts from the minutes of the two boards relating to the revocation of parole and to the cancellation of the time credits. From these exhibits it appears that the procedure outlined in section 2923 of the Penal Code was strictly followed and the orders of these boards became final as of their date.

In attacking these orders the petitioner asked that his petition be treated as a traverse to the return, but he offered no evidence in support of his assertion and none to contradict the record found in the return, except the wholly inadmissible and irrelevant testimony of himself that he did not plead guilty when he appeared before the Board of Prison Directors.

It is the settled rule of our decisions that when a return is made to a petition for a writ of habeas corpus the petition becomes *functus officio* and that the return then is to be taken as true unless the petitioner makes a traverse.

Though he may make his petition a traverse to the return and thus satisfy the rules of pleading, the burden is upon him to prove by competent evidence the issues of fact which are thus presented. (*In re Collins,* 151 Cal. 340 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122].)

For this reason we must accept as admitted, or uncontroverted, the findings of the prison board that on the hearing oral and documentary evidence was received and considered and that the board "determined that due proof had been made that the prisoner had with evil intent violated the rules and regulations of the prison," and that he should therefore be punished by a forfeiture of his time credits.

The petitioner argues that this order was beyond the jurisdiction of the board because it was founded solely on the conviction which was subsequently reversed. But the complaint went further than that. It charged the parolee with having been arrested while on parole for two separate

criminal offenses. The findings of the board recite that evidence both oral and documentary was taken at the hearing and that thereupon the prisoner pleaded guilty to the charge. What this evidence was we do not know and cannot learn in this proceeding. We must presume that it was sufficient to support the order, and, since the board may revoke any parole without notice (Pen. Code, § 3060) the order may not be attacked because of some claimed irregularity in the language of the complaint.

The determinative question on this appeal relates to the "time credits" of petitioner. In 1933 his term of sentence upon his first conviction was set at twelve years. He does not allege or prove that any time credits were granted him which would reduce his period of service. The burden of such proof was on petitioner. Section 2923 of the Penal Code specifies the grounds upon which time credits may be forfeited. One ground is the violation or disregard of any prison rule or regulation. In October, 1940, the prisoner had been returned to prison as a "parole violator" and the order suspending his parole on January 21, 1941, was presumably for such violation of the rules and regulations of the parole board, and this would form a sufficient ground for the forfeiture of credits. (*In re Stanton,* 169 Cal. 607, 610 [147 P. 264].) In conformance with section 2924 of the Penal Code due notice was given the prisoner and a hearing conducted before his credits were cancelled. The record recites that he pleaded guilty. He attacks this portion of the record and contends that he pleaded "not guilty." However, he does not attack the recitals in the order of the board that "Oral and documentary evidence to show the particulars involved in said matter was introduced and considered by the Board. Thereupon the Board, having duly considered all the evidence, determined that due proof had been made that the prisoner had with evil intent *violated the rules and regulations of the prison,* was guilty of the offense specified in the complaint, and should be punished therefor by a forfeiture of such time credits as hereinafter specified. . . ."

It does not appear that he made any objection to the form of the complaint or to the uncertainty of the charge. The evidence before the board upon which its order of forfeiture was based is not in the record and cannot be considered by us in this proceeding. Upon the case made the petitioner

is under confinement upon a valid judgment serving a valid sentence which has not expired.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.