STIDHAM v. SWOPE, Warden.

No. 28654H.

United States District Court
D. California.

Feb. 28, 1949.

James William Stidham, in pro. per.

DENMAN, Chief Judge.

Stidham has presented to me his verified petition for a writ of habeas corpus. The petition alleges that he was persuaded to waive counsel and to plead guilty to an indictment by the federal grand jury of the Western District of Missouri, charging him with transporting a stolen automobile from Birmingham, Alabama, to Kansas City, Missouri, knowing it to be stolen. It alleges that he so was persuaded upon representation by the counsel for the government that he would receive a very lenient sentence, not to exceed 18 months' imprisonment; that the district court on July 1, 1947, sentenced him to four years' imprisonment; that he then and there, before the judgment sentencing him was entered, immediately moved for the appointment of counsel and that instead of appointing one the court thereupon set aside the four year sentence and imposed one for five years, stating: "Let the record show that the sentence heretofore pronounced will be set aside and the defendant is sentenced to five years in the custody of the Attorney General."

The allegations further are that later, on the same day, July 1, 1947, the petitioner prepared a notice of appeal which he mailed to the prosecuting attorney for filing; that the prosecuting attorney, though having advised him to waive counsel, failed to file the notice of appeal but kept it until after the time for appeal had expired and on July 17th advised petitioner he had no right of appeal.

■ It is clear that the allegations of the petition show a denial by the court of the right of representation by counsel at the very moment *before* the amending of the sentence from four to five years was rendered, when counsel was most needed. Wilfong v. Johnston, 9 Cir., 156 F.2d 507, 510, in which we cited the following language from Batson v. United States, 10 Cir., 137 F.2d 288, 289: "We believe that an accused should have the opportunity to be heard by counsel on the sentence to be imposed, and that a court should not impose sentence in the absence of counsel without expressly ascertaining that a defendant does not desire his presence. Many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence."

■ Here, in addition, the allegation is that the prosecuting attorney, having persuaded petitioner to waive counsel and knowing he had none, failed to file petitioner's notice of appeal upon which appeal he could have urged as error the failure to appoint counsel before the five year sentence was rendered. Such deprivation of an appeal by the prosecuting officer also clearly warrants the issuance of the writ. Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316.

Petitioner now seeks to file an amended petition purporting to set forth that he has complied with the provisions of 28 U.S.C.A. § 2255, 28 U.S.C.A. § 2255. This section provides a complicated and time consuming condition precedent to the filing of a petition for a writ of habeas corpus. It requires a motion to the sentencing court upon which are to be litigated the issues which may be later presented to the judge or court by the petition for the writ. Either party may appeal from the decision on the motion.

This procedure by motion does not purport to be a substitute for the writ, since the party is not required to be produced before the sentencing court, and he can be transported and appear there as party and as witness only by the exercise of the judicial discretion of that court.

The last sentence of section 2255 provides that the court or judge receiving a petition for the writ need not require the performance of such a condition precedent to its entertainment if "it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Here the petitioner is in Alcatraz Penitentiary upwards of 1,500 miles from the sentencing court. If petitioner be taken there, it will be with two guards from whom time consuming arrangements must be made. When they are provided there must be railroad reservations. It well could be two weeks before petitioner is in jail in Missouri. There must be found an attorney who must study the law and facts and prepare petitioner's motion, then a hearing with the petitioner and other witnesses appearing. If the decision be favorable to the petitioner, the United States, the adverse party in the sentencing court, in its appeal as in a habeas corpus proceeding may consume months of time, many months if the appellate court be in vacation.

If the petitioner be not taken to Missouri, the sentencing court there must appoint an attorney to represent him. That attorney in Missouri must correspond with his client in California to learn the facts and study the law in his case before preparing his motion. The motion, when prepared probably several weeks later, will be filed. Then the motion must be served upon the United States attorney, when the trial and likely appeal will follow.

If the decision be adverse in the Missouri proceeding and the petitioner be found wrongly imprisoned when the habeas corpus proceeding is decided, every day of the long delay before the latter petition may be presented to me is wrongfully taken out of his free life.

■ It is my opinion that the habeas corpus proceeding recognized by Article I, Section 9 of the Constitution does not permit such continued imprisonment prior to the entertainment of a petition seeking the writ. The constitutional writ of habeas corpus is that of England as it was

in 1789. United States v. Wong Kim Ark, 169 U.S. 649, 655, 18 S.Ct. 456, 42 L.Ed. 890; Ex parte Grossman, 267 U.S. 87, 108, 45 S.Ct. 332, 69 L.Ed. 527, 38 A.L.R. 131; Dimick v. Schiedt, 293 U.S. 474, 478, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. It then rested on the Act of 31 Charles II, 1679. Its preamble "recited that great delays had been used in making returns to writs of habeas corpus in criminal or supposed criminal cases. To remedy this s. 1 of the statute enacted that in such cases the return should be made within three days after the service of the writ if the place where the prisoner is detained is within twenty miles from the court, and if beyond the distance of twenty miles and not above one hundred miles, then within the space of ten days, and if beyond the distance of one hundred miles, then within the space of twenty days after the delivery of the writ, and not longer. * * *" Halsbury Laws of England; cf. Ex parte Baez, 177 U.S. 378, 388, 20 S.Ct. 673, 44 L.Ed. 813.

The present section 2243 of the Judicial Code is a codification of the Act of February 5, 1867, 14 Stat. 385, and accepts this Charles II prevention of delay. It provides [1] that the writ must issue "forthwith." The Alcatraz Warden, being within ten miles of my chambers, must make his return in three days of the Act of Charles II, unless for good cause additional time not exceeding twenty days be allowed. To this has been added the requirement that the cause shall be set for hearing within five days unless for good cause additional time be allowed. The allowance of such time is controlled by the general provision that "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

■ For these reasons the motion in Missouri to vacate petitioner's sentence is "inadequate and ineffective to test the legality of [petitioner's] detention." It is in no way a writ of habeas corpus and prevents the summary proceeding of the writ provided in the Constitution.

The motion to amend the petition to show compliance in Missouri with the provisions of section 2255 is denied. The petition for the writ is granted. Because of my immediate departure from California for an extended period, I am not making the writ returnable to me. The clerk of the district court of the Northern District of California is ordered to issue a writ of habeas corpus addressed to E. B. Swope, Warden of the United States Penitentiary at Alcatraz, California, returnable to that court and requiring him there to produce the body of the petitioner within ten days herefrom.

[1] "§ 2243. Issuance of writ; return; hearing; decision

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."