237 F.2d 370
 Kenneth Glen MADSEN, Appellant,
v.
Harold H. HINSHAW, Sheriff of Skagit County, Washington,
William B. Parsons, United States Marshal for the Western
District of Washington, and Honorable Herbert Brownell,
Attorney General of the United States, Appellees.
 No. 14833.
 United States Court of Appeals Ninth Circuit.
 Oct. 12, 1956.
 
 J. Lael Simmons, Kenneth Davis, William H. Simmons, Leslie M. Yates, Simmons, Simmons & Yates, Seattle, Wash., for appellant.
 Charles P. Moriarty, U.S. Atty., Edward J. McCormick, Jr., Asst. U.S. Atty., Seattle, Wash., for appellees.
 Before ORR, POPE and LEMMON, Circuit Judges.
 ORR, Circuit Judge.
 
 
 1
 Appellant was convicted in the District Court of Alaska of the crime of murder in the second degree and sentenced to a term of twenty-five years in a Federal penitentiary.
 
 
 2
 He states that subsequent to his conviction and sentence, he attempted to file in said District Court of Alaska a petition under Section 2255, 28 U.S.C.A.
 
 
 3
 Shortly thereafter appellant was ordered removed to the federal penitentiary at El Reno, Oklahoma. En route he was lodged in jail in Seattle, Washington, for safekeeping. During this period while appellant was in Seattle, counsel, on his behalf, petitioned for a writ of habeas corpus in the United States District Court for the Western District of Washington. The petition was dismissed by said District Court on the ground that it was without jurisdiction for the reason that appellant had not applied for relief under Sec. 2255, 28 U.S.C.A.
 
 
 4
 Appellant's contentions before us are that he lodged with the Clerk of the District Court of Alaska two different petitions seeking relief under Sec. 2255, but that the Judge of said court had refused to permit said petition to be filed because the counsel then purporting to appear for appellant was not a member of the bar of that court, and had not complied with Rule 2 of said court requiring a nonmember of the Alaska bar to associate with him a member of said bar having no less authority.
 
 
 5
 It is conceded that the law is now settled that a prisoner in custody under sentence of a court established by Act of Congress must first petition for a hearing under Sec. 2255, and have a determination thereof before an application for a writ of habeas corpus can be entertained, unless it appears that the remedy by motion (under Sec. 2255) is inadequate or ineffective to test the legality of his detention. Winhoven v. Swope, 9 Cir., 1952, 195 F.2d 181; United States ex rel. Leguillou v. Davis, 3 Cir., 1954, 212 F.2d 681; United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.
 
 
 6
 Appellant urges that his case falls within this exception, in that the action of the District Judge in Alaska completely frustrated his attempt to have his Sec. 2255 petition heard. Had a hearing been accorded appellant, it appears that the remedy by motion would have been adequate and effective to test the legality of his detention. There is, otherwise, no limitation that we are able to detect which 'would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' United States ex rel. Leguillou v. Davis, 3 Cir., 1954, 212 F.2d 681, 684.
 
 
 7
 Of course a prolonged and stubborn refusal on the part of a judge and officer of his court to permit the filing of a petition could result in inadequacy and ineffectiveness of a motion in the event no remedy existed. However, we think there was a remedy available to appellant by way of mandamus to compel the court to grant a hearing.
 
 
 8
 Appellant further contends that Sec. 2255, 28 U.S.C.A. does not apply to the Federal Courts in Alaska when they are sitting as a Territorial Court; and that appellant was convicted of a territorial crime, and therefore Sec. 2255 is not applicable. This contention is without merit, being directly contrary to the terms of Sec. 2255. This is made clear in the 1949 amendment to Sec. 2255 which changed the wording from 'court of the United States' to 'a court established by Act of Congress.'[1] The Federal Courts in Alaska were established by an Act of Congress. See 31 Stat. 322 (1900), 48 U.S.C.A. 101 et seq. Also, the crime of murder was included in the criminal code enacted by Congress for Alaska. See 30 Stat. 1253 (1899).[2]
 
 
 9
 The situation complained of by appellant has changed; the able and conscientious Judge whom appellant accuses of arbitrary action is now deceased. Another is sitting in his place. While the question is not presently before us we make bold to suggest that the Alaska Court accord to this young boy his day in court, and afford him a hearing under Sec. 2255 as expeditiously as possible.
 
 
 10
 If it be considered that Rule 2 should be complied with and appellant be without funds to employ Alaska counsel to associate with appellant's Seattle counsel, then we further suggest that Alaska counsel be appointed by the Court for that purpose.
 
 
 11
 Affirmed.
 
 
 
 [1]
 The first paragraph of 28 U.S.C.A. 2255 provides:
 'A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.' (Emphasis supplied.) See 2 U.S.Code Cong.Serv., 1949, 81st Cong., 1st Sess., p. 1272, where S.Rep. No. 303 states the purpose of the amendment was to make it clear that the section is applicable in the district courts in the territories and possessions.
 
 
 [2]
 The definition of the crime also appears compiled in A.C.L.A.1949, 65-4-1