[Crim. No. 7154.   Second Dist., Div. Two.   Apr. 20, 1960.]

In re EMERY NEWBERN, on Habeas Corpus.

Emery Newbern, in pro. per., for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

KINCAID, J. pro tem.*—Petitioner was arrested on March 15, 1960, on a charge of violation of subdivision (a) of section 41.27 of the Los Angeles Municipal Code (intoxication in and upon a public place). He was promptly arraigned, elected to represent himself in propria persona, waived trial

*Assigned by Chairman of Judicial Council.

by jury, his trial was set for a future date and his bail fixed at $20. Having failed to post such bail he remained in the jail of the city of Los Angeles until released on his own recognizance pending final determination on his petition for writ of habeas corpus which he caused to be filed in the Supreme Court of the State of California, and which was transferred for hearing to this court.

A return to such petition was filed by the chief of police of the city of Los Angeles together with an affidavit of Thomas Reddin, deputy chief of police in charge of the Bureau of Corrections of the police department of said city. At request of petitioner it was agreed the petition herein may be considered as a traverse to the return.

While his petition charges several claimed violations of his constitutional rights his factual allegations relate solely to the subject of bail. He alleges he was arrested in the San Pedro area of the city of Los Angeles and was thereupon eligible to post bail in the sum of $20 by reason of a regularly adopted schedule of bail in misdemeanor cases. Not being possessed of this sum he telephoned from the jail and requested a bail bondsman to undertake his bail. The bail bondsman replied that he was willing and desirous of undertaking his bail but that he could not legally do so because of regulations imposed by respondent chief of police providing that some third person must accompany the bail agent to the jail release desk to act as a sponsor in behalf of petitioner for the purpose of requesting the undertaking. Petitioner alleges he could obtain no sponsor that morning although he fails to allege any efforts made by him in this connection. Following arraignment in the San Pedro division of the municipal court he was remanded to the main jail in Los Angeles to await his trial.

Petitioner further alleges such police department regulations are arbitrary, impose unnatural and unreasonable conditions, and he is foreclosed thereby from exercising his constitutional right of bail undertaken by a bail bondsman duly authorized and licensed for that specific purpose and must therefore remain in custody. That his deprivation of his constitutional rights deprives the municipal court of jurisdiction and renders his detention utterly illegal.

The allegations of the petition are fully denied by the said return and it is alleged therein that pursuant to the provisions of section 4/680.02 of the Manual of the Los Angeles Police Department in effect at all times in question, if any bail bondsman willing and desirous of undertaking bail for petitioner

had appeared at any jail facility of the said city and indicated his willingness to post such bail it would have been accepted for petitioner's release on bail without question and without necessity of any accompanying sponsor; that such release would have been mandatory under provisions of the above numbered regulation, pertinent portions of which are as follows: "Acceptance of Bail. Any jailer shall accept bail, in cash or Surety Bond, for a prisoner confined at any division on: . . . A misdemeanor warrant or misdemeanor charge."

The return further states that the only provision in said regulations relating to the required presence of an accompanying person is contained in the "Note" to section 4/650.50 thereof. This section, with the note, is as follows:

"650.50 BAIL BONDSMAN OR ATTORNEY REQUESTING TO SEE PRISONER. When an attorney or bail bondsman, requested by a prisoner, friend or relative of a prisoner, desires to see the prisoner, the jailer shall: Complete the appropriate portions of the Prisoner Service Request, Form 6.2. Obtain the prisoner's signature when he wishes to see the attorney or bail bondsman, and allow the interview. Obtain the prisoner's signature and have him check the space 'prisoner refused' when he does not wish to see the attorney or bail bondsman, and inform the attorney or bail bondsman of the prisoner's wishes. NOTE: A bail bondsman responding to a request for a bail bondsman made by a relative or friend of a prisoner must be accompanied by the person who made the request."

No facts are alleged by petitioner that anyone came to the jail requesting to see him, was denied an interview with him, offered to post bail in his behalf or was denied the right to post such bail. Petitioner evidently was satisfied to rely upon the telephonic statement of the bail bondsman contacted by him that by reason of a nonexistent regulation of the police department he was prevented from posting bail for petitioner, even though willing to do so, without an accompanying third person to serve as a sponsor to request the undertaking. The record herein is devoid of any credible evidence to contradict the foregoing return or to establish any impingement of constitutional rights.

Petitioner has the burden of alleging and proving by a preponderance of the evidence all the facts upon which he relies to show his illegal detention. (*In re Berry*, 43 Cal.2d 838, 846 [279 P.2d 18]; *In re Soldavini*, 64 Cal.App.2d 677, 679 [149 P.2d 193]; *In re Ancheta*, 80 Cal.App.2d 255, 256 [181 P.2d 686].) He likewise is charged with the sustaining

of his claims that he has suffered essential unfairness and injustice and in order to have the result set aside, his claims must be sustained not as a matter of speculation but as a demonstrable reality. (*People* v. *Crooker*, 47 Cal.2d 348, 353 [303 P.2d 753].) Petitioner has not met this burden.

The writ is discharged and the petitioner is remanded to the custody of the chief of police of the city of Los Angeles.

Fox, P. J., and Ashburn, J., concurred.