[Crim. No. 7429.   Second Dist., Div. Two.   Dec. 14, 1960.]

In re RUBY LEE NEWMAN, on Habeas Corpus.

Joslyn & Joslyn and R. B. Joslyn for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Jean Louise Waller, Deputy County Counsel, for Respondent.

FOX, P. J., and ASHBURN, J.—In this matter we issued a writ of habeas corpus on the petition of Oren L. and Lillian K. Newman, his wife, hereinafter called "petitioners," requiring the Director of the Bureau of Adoptions to produce before this court Ruby Lee Newman who, by the petition, was shown to be the daughter of the petitioners and who was detained by said Bureau of Adoptions, hereinafter called the "bureau."[1]

Pursuant to the writ issued, the bureau did produce the minor before this court and did file its written return to the writ. At the hearing upon the return of the writ the bureau refused to stipulate that the petition be deemed a traverse to the return and no traverse to the return having been filed, the facts stated in the return must be deemed by us to be true. (*In re Collins,* 151 Cal. 340, 342-343 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122] ; *In re Delgado,* 107 Cal.App. 688 [290 P. 589] ; *In re Soldavini,* 64 Cal.App.2d 677 [149 P.2d 193] ; *In re Martha,* 122 Cal.App.2d 654, 657 [265 P.2d 527].)

By the uncontroverted allegations of the return the following facts are established: that on June 13, 1960, petitioners placed said minor in the care, custody and control of the bureau and that on said day petitioners executed an instrument in writing relinquishing their child to the bureau; that this instrument was signed before two subscribing witnesses and acknowledged before an authorized official of an organization licensed by the State Department of Social Welfare; that this instrument of relinquishment was filed with the State Department of Social Welfare on June 16, 1960; that no attempt was made by petitioners to revoke said relinquishment until after the same was filed with the State De-

---

[1]Prior to filing their petition in this court petitioners instituted like proceeding in the superior court which, after the introduction of evidence by both parties, was terminated by minute order discharging the writ there issued.

partment of Social Welfare and that the bureau has custody of said minor by virtue of said relinquishment.

The foregoing facts being true the petitioners have no right to the custody of said minor and the bureau is lawfully entitled to its custody.

Section 224m of the Civil Code provides in substance that the parents of a minor child may, by an instrument in writing signed before two subscribing witnesses and acknowledged before an authorized official of an organization licensed by the State Department of Social Welfare, relinquish the child to a licensed adoption agency for adoption. The section further provides that the relinquishment shall be of no effect whatsoever until a certified copy thereof shall be filed with the State Department of Social Welfare, but, thereafter, it is final and binding and may be rescinded only by the mutual consent of the adoption agency and the parents relinquishing the child. Under the provisions of this section and upon the facts shown by the return as heretofore recited, the child is not unlawfully restrained by the bureau and the writ must be discharged.

The writ is discharged.

NOURSE, J. pro tem.*—I concur with the result arrived at by the majority of the court but I cannot agree with the reasoning of the majority or with their assumption that this court has jurisdiction in the pending matter.

By this proceeding petitioners seek to litigate the question of whether they or the bureau are the person or persons entitled to the custody of the minor in question.

A proceeding such as this, where only the right to the custody of a minor child is involved, is not truly one in habeas corpus but is a civil action where a petition for a writ of habeas corpus is used as the complaint and the return to the writ as an answer to that complaint.

Section 22 of the Code of Civil Procedure defines an action as follows: ''An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense'' and a civil action is defined by section 30 of the Code of Civil Procedure as one ''prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong.'' When a person files a petition for habeas corpus asserting a right to the

*Assigned by Chairman of Judicial Council.

possession and custody of a minor child he asserts a right which is in him and in which the public has no interest. By his petition for the writ he asserts a right against another and seeks to litigate his private rights and the proceeding is in fact a proceeding in rem, equitable in nature, in which the child is the *res* and the right determined is that of petitioner to the custody of the minor, *not the minor's right to be free from restraint.* In short, habeas corpus, when so used, is a civil action. (*In re Frazier,* 50 Cal.App. 45, 47 [194 P. 510]; *Ex parte Armstrong,* 169 Ore. 320 [128 P.2d 951]; *Richards* v. *Collins,* 45 N.J.Eq. 283 [17 A. 831]; *Ex parte Bush,* 240 Mich. 376 [215 N.W. 367]; *Ex parte Turner,* 86 Ore. 590 [167 P. 1019, 169 P. 109]; *Green* v. *Campbell,* 35 W.Va. 698 [14 S.E. 212]; *Ex parte Parker,* 195 Okla. 224 [156 P.2d 584]; *Application of Habeck,* 75 S.D. 535 [69 N.W.2d 353]; *Ex parte Flynn,* 87 N.J.Eq. 413 [100 A. 861]; 25 Am.Jur. 203, 205; 39 C.J.S. 569; cases cited 39 C.J.S., 1956 Supp., n. 93 to p. 569.)

It is uniformly held in this state that a judgment in a proceeding such as this is a final determination of the rights of the parties as litigated therein until there has been a change in circumstances affecting the best interests of the minor or the rights of the parties and that the issues so determined are res judicata not only in a subsequent proceeding in habeas corpus but in any other proceeding in which the right to the custody of the minor is put in issue. (*In re Holt,* 34 Cal.App. 290 [167 P. 184]; *In re Gille,* 65 Cal.App. 617 [224 P. 784]; *In re McDaniel,* 90 Cal.App. 307 [265 P. 884]; *In re Gury,* 103 Cal.App. 738 [284 P. 944]; *In re Martin,* 79 Cal.App.2d 584, 586 [180 P.2d 383]; *In re Browning,* 99 Cal.App.2d 337 [221 P.2d 736]; *In re Clifford,* 37 Wash. 460 [79 P. 1001, 107 Am.St.Rep. 819]; Freeman on Judgments [5th ed.], vol. 2, pp. 1764-1766; 25 Am.Jur. 253; 17 Am.Jur. 514; anno., 110 A.L.R. 748.) In Freeman on Judgments, *supra,* the author says (p. 1766): "The principles of public policy requiring the application of the doctrines of estoppel to judicial proceedings, in order to secure the repose of society, are as imperatively demanded in the cases of private individuals contesting private rights under the form of proceedings in habeas corpus as if the litigation were conducted in any other form. . . . 'The question of the custody of a minor child, once properly and finally adjudicated, whether in a habeas corpus proceeding or otherwise, is settled for all time, unless there be an appeal, and the judgment rendered is impregnable as against a col-

lateral assault.' " To the contrary, a judgment of the superior court discharging a writ of habeas corpus and remanding to custody a person charged with a criminal offense is not res judicata in a proceeding in habeas corpus in the District Court of Appeal or in the Supreme Court. (*Matter of Perkins,* 2 Cal. 424; *Rogers* v. *Superior Court,* 145 Cal. 88 [78 P. 344].)

The writ of habeas corpus the right to which is made inviolate by section 5 of article I of the Constitution of this state and which the Supreme Court, District Courts of Appeal and superior courts are, by sections 4, 4b and 5 of article VI of the Constitution of the state, given power to issue, is the ancient prerogative writ through which one illegally imprisoned and charged with a criminal offense might seek his liberty. Under the Constitution of this state the courts have inherent power to issue the writ and this power may not be taken away by the Legislature nor may the exercise of the power to grant it be restricted by the Legislature. (*Matter of Hughes,* 159 Cal. 360, 366 [113 P. 684].) I do not think, however, that it could be contended that the Legislature could not limit the procedure by which the parties could try their private rights to the custody of a child to a procedure prescribed by it other than that of habeas corpus.

That the writ of habeas corpus the right to which is protected by section 5, article I of the Constitution of this state is the ancient prerogative writ granted to the people of England under the Bill of Rights and as set forth in the Habeas Corpus Act passed by the Parliament of 1679 (See Halsbury, Statutes of England, 2d ed., vol. 6, pp. 83-85) is apparent if we trace the history of our constitutional provisions.

The Constitutional Convention of 1849 in drafting section 5 of article I of that Constitution, adopted the provisions of paragraph 2 of section 9 of article I of the Constitution of the United States. (See Report of the Debates in the Convention of California on the Formation of the State Constitution of 1849, pp. 39, 40.)

The Constitutional Convention of 1879 after very limited debate adopted the provisions of the Constitution of 1849 as to habeas corpus. (See Debates and Proceedings of the Constitutional Convention of the State of California, 1878-79, vol. 1, p. 243; vol. 3, p. 117.)

At the time of the drafting of the federal Constitution and its adoption by the states the use of the writ of habeas corpus was limited to cases of persons confined under a criminal charge. It was the writ which Parliament provided for by

what is now known as the Habeas Corpus Act of 1679 and it was not until 1816 that Parliament by a separate and distinct act provided for the use of that writ in civil matters. (See Halsbury, Statutes of England, 2d ed., vol. 6, pp. 96, et seq. and Halsbury, Laws of England, 3d ed., vol. 11, p. 29.) Prior to the time of the adoption of this state's Constitution of 1849, the Supreme Court of the United States had construed the provisions of paragraph 2 of section 9 of article I of the Constitution of the United States as granting to the people of the United States the same privilege that was granted to the people of England under the Magna Carta and the Habeas Corpus Act of 1679. (*Ex parte Watkins*, 3 Pet. (U.S.) 193 [7 L.Ed. 650] ; see also [*Stidham* v. *Swope*], 82 F. Supp. 931.) (For the provisions of the Habeas Corpus Act of 1679 see Halsbury, Statutes of England, 2d ed., vol. 6, pp. 83-85; for the 1816 Act, see p. 96.) And our Supreme Court has construed the provisions of sections 5 and 13 of article I of our Constitution as being declarations of the same rights as were granted the English people by the ''Great Charter'' of 1215 and the Habeas Corpus Act of 1679. (*In re Begerow*, 133 Cal. 349, 352-353 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513].)

The Constitutional Convention of 1849 having adopted the provisions of paragraph 2 of section 9 of article I of the federal Constitution in drafting the Constitution of 1849 of this state and the Constitutional Convention of 1879 having adopted the provisions of the 1849 Constitution, we must presume that it was the intent of the framers of these Constitutions that section 5 of article I of each of those Constitutions should have the same meaning and effect as had been placed upon the provisions of the federal Constitution from which they were obtained. (*People* v. *Webb*, 38 Cal. 467; *Camron* v. *Kenfield*, 57 Cal. 550, 554; *People* v. *Coleman*, 4 Cal. 46, 50 [60 Am. Dec. 581] ; *People* v. *Mims*, 136 Cal.App.2d 828, 831 [289 P.2d 539].)

I conclude that the ''privilege of the writ of habeas corpus'' which is guaranteed to the people of this state by section 5 of article I of our Constitution and the writ of habeas corpus which the Supreme Court and the District Courts of Appeal of this state are empowered to issue by sections 4 and 4b of our article VI of that Constitution is the writ of habeas corpus the privilege of which was given to the people of England under the Habeas Corpus Act of 1679 and that the petitioners do not have the right in this court to invoke that writ for the purpose of litigating the cause of action which they assert by

their petition and to try here the questions of fact necessary to the determination of the rights of the parties. In my opinion this court does not have jurisdiction to try and determine the equitable action which is in fact asserted by the petition filed herein.

In proceedings of this kind where not only the naked legal right to custody is involved but the fitness of the parties seeking custody and the best interests of the child are to be determined, it is only a court which can see and hear the witnesses testify that can properly determine the rights of the parties.

If I am correct in my conclusions, the necessary result would be that actions of this kind will be tried by the superior court which is vested with jurisdiction to try questions of fact, and that it will be required to make findings of fact and conclusions of law and file a written judgment which could be the subject of an appeal under the provisions of section 963, subdivision 1, of the Code of Civil Procedure. In stating this conclusion I have not overlooked the decision of our Supreme Court in *In re Bruegger,* 204 Cal. 169 [267 P. 101], but I respectfully submit that not only are the reasons given by the court there for its decision no longer valid[2] but that the Supreme Court did not there consider and decide the question of the jurisdiction of the District Courts of Appeal and the Supreme Court of this state to entertain proceedings such as this.

I would dismiss the proceedings and discharge the writ heretofore issued.

---

[2]See dissenting opinion in *In re Croze,* 145 Cal.App.2d 492, 502, 504 [302 P.2d 595].