William ESTEP, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17911.

United States Court of Appeals
Ninth Circuit.

April 10, 1963.

Rehearing Denied June 5, 1963.

Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; and Jo Ann Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

This is primarily the hearing of a motion to dismiss an appeal from an order of the District Court, Southern District of California, Central Division, made April 11, 1962, denying the application of the appellant for a writ of habeas corpus filed by him on April 3, 1962 in said District Court.

Appellant filed various unintelligible documents with this court, apparently attempting an appeal. The government moved to dismiss the appeal. We appointed experienced counsel to represent petitioner in this proceeding. Various delays occurred, which were and are regrettable and unavoidable.

The denial of the writ of habeas corpus in the district court, so petitioner's counsel states, was originally on the ground petitioner had not first exhausted his remedy under Section 2255, Title 28 U.S.C.[1]

1. "§ 2255. *Federal custody; remedies on motion attacking sentence*

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral at-

Petitioner answered this (a) by relying on an order of this court dated December 5, 1961, signed by Chief Judge Chambers;[2] (b) by claiming Section 2255 was unconstitutional; (c) by urging that petitioner is entitled to be personally brought to court for any hearing, and that, inferentially, any procedure other than by habeas corpus would be inadequate.

From February 1961 to January 1962, the appellant was incarcerated at Terminal Island for violation of his conditional release from the Federal Correctional Institution at Seagoville, Texas. This conditional release arose from a mail fraud conviction. In 1961, the appellant filed a pleading in this court challenging the validity of his incarceration for the mail fraud conviction. Said pleading resulted in the December 5, 1961 order of this court in case No. 17,-623. The December 5, 1961 order is not applicable to the instant case for the following reasons: In January 1962, the appellant completed the sentence for the mail fraud conviction; the appellant's current federal custody is for an income

---

tack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." As amended May 24, 1949, c. 139, § 114, 63 Stat. 105."

2. That Order reads as follows:
"Petitioner's application will be treated as one for habeas corpus addressed to me. Petitioner alleges he is being held as a parole violator despite the fact that he was released, not paroled, by an order of the U. S. District Court for the Northern District of Texas on September 18, 1958. He is not attacking the original sentence. It would appear in these circumstances that his remedy, if he has one, is habeas corpus addressed to the district of confinement rather than a motion to vacate sentence under Section 2255 of Title 28 U.S.C., to the sentencing court.

.Petitioner has been to the U. S. District Court for the Southern District of California, where he is presently confined, with an application for habeas corpus and a Section 2255 motion. He has not, however, made the above allegations to that court.

In accordance with Section 2241(b) of Title 28 U.S.C., I decline to entertain the application for a writ of habeas corpus. The application is transferred to the U. S. District Court for the Southern District of California
/S/ RICHARD H. CHAMBERS
United States Circuit Judge"
(We note that petitioner at one time refers to the *Western* District of Texas, as the sentencing court; at another time to the *Northern* District of Texas as the sentencing court. It may be correct that he was sentenced in two different Texas District Courts. For purposes of this order, it is of no consequence whether the two sentencing courts were the same court, or different courts, so long as both were in Texas.)

tax evasion charge to which he pleaded guilty on January 30, 1962.

Appellant misconceives the action of this court taken December 5, 1961. Since appellant was not then attacking his original sentence, we held that his remedy was by way of habeas corpus rather than a motion to vacate under Section 2255. However, insofar as the claims in his present application for habeas corpus are not clearly frivolous, they constitute an attack upon the sentence imposed January 30, 1962, in the Western District of Texas. Therefore, by the express terms of Section 2255, his present application for habeas corpus may not be entertained, since he has failed to apply for relief, by motion under that Section, filed with the court which sentenced him, unless Section 2255 is unconstitutional because it requires the Section 2255 proceeding before seeking habeas corpus relief.

Appellant urges that he is entitled to relief:

(1) because the District Court for the Western District of Texas had no jurisdiction to sentence him;

(2) because his plea of guilty was coerced;

(3) because the Statute of Limitations had run before his indictment.

■ Section 2255 proceedings are peculiarly and particularly apposite in a case involving a factual determination of alleged coercion resulting in a plea of guilty.

"The very purpose of Section 2255 is to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses to the district of confinement." United States v. Hayman, 1952, 342 U.S. 205 at 220–221, 72 S.Ct. 263 at 272–273, 96 L.Ed. 232.

While by the terms of Section 2255 "a court may entertain and determine such motion without requiring the production of the prisoner at the hearing," there is nothing to prevent the Texas court from requiring the presence of the petitioner in Texas at the hearing.

"Issuance of an order to produce the prisoner is auxiliary to the jurisdiction of the trial court over respondent granted in Section 2255 itself and invoked by * * * [petitioner's] filing of a motion under that section.

*     *     *     *     *     *

"Where * * * there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing." United States v. Hayman, supra, at 220, 223, 72 S.Ct. at 272, 273, 274, 96 L.Ed. 232.

Counsel for appellant raises an unspecified fear that appellant would not receive the same kind of treatment in a Texas hearing as he would in a California hearing. We cannot subscribe to any such theory, unfounded in any evidence here produced, and contrary to our confident reliance on the integrity of our federal courts, no matter where located within our federal court system.

■ Thus we find nothing in the record to support appellant's plea that he comes within the specified exception contained in the last paragraph of Section 2255, i. e., that his remedy by a Section 2255 proceeding will be "inadequate or ineffective." In the absence of such evidence we cannot presume it will be.

■ This leaves appellant to his claim that any procedure, even that enacted by Congress for his benefit by the passage of Section 2255, which delays or interferes for an instant with a citizen's right to petition for a writ of habeas corpus, is unconstitutional.

Such a position was previously taken by this court in concurring opinions by Judges Denman and Stephens with Judge Pope dissenting in Hayman v. United States, 9 Cir., 187 F.2d 456. Certiorari was granted by the United States Supreme Court (341 U.S. 930, 71 S.Ct. 803, 95 L.Ed. 1360) "to review the decision that Section 2255 must be considered a

nullity, a holding that stands in conflict with cases decided in other circuits," citing Fifth and Tenth Circuit cases directly so holding, and cases from the District of Columbia, Second, Fourth, Sixth, Seventh and Eighth Circuits inferentially so holding. United States v. Hayman, supra, 342 U.S. at 210, n. 6, 72 S.Ct. at 267, 96 L.Ed. 232.

The Supreme Court, after reviewing the historical background of both the Great Writ and the congressional enactment of Section 2255, stated:

"Nothing has been shown to warrant our holding at this stage of the proceeding that the Section 2255 procedure will be 'inadequate or ineffective' * * * In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the section provides that the habeas corpus remedy shall remain open to afford the necessary hearing. *Under such circumstances, we do not reach constitutional questions.* This Court will not pass upon the constitutionality of an Act of Congress where the question is properly presented unless such adjudication is unavoidable, much less anticipate constitutional questions." Id. at 223, 72 S. Ct. at 274, 96 L.Ed. 232. (And see particularly note 40.)

We believe the same factual proposition and the same ruling principles of law are applicable here, and controlling.

Upon oral argument, able counsel for petitioner cited in addition to the Hayman decisions, supra, Stidham v. Swope, N.D.Cal.1949, 82 F.Supp. 931; Mugavero v. Swope, N.D.Cal.1949, 86 F.Supp. 45, reversed on other grounds, 9 Cir., 188 F.2d 601.

In the first case, Judge Denman found petitioner's remedy under Section 2255 to be "inadequate and ineffective to test the legality of [petitioner's] detention." (82 F.Supp. p. 933) In the second case, Judge Erskine merely denied a motion to dismiss, giving petitioner an opportunity to make a better showing "of the substantive merits" of his case. We find neither case persuasive, and certainly not controlling.

Appellant's motion to remand is denied.

Appellant's motion to dismiss appellee's motion to dismiss is denied.

Petitioner's motion, in propria persona, to reduce sentence to time served, is denied.

Petitioner's motion, in propria persona (filed after appointment by this court of counsel to represent petitioner) to appear at "trial," is moot, if it refers to the hearing of April 3, 1963, and is denied; and if it refers to any subsequent hearing or "trial," is denied without prejudice.

The motion of appellee to dismiss appeal, filed June 12, 1962, is granted.