[Civ. No. 27129. Second Dist., Div. Two. July 30, 1963.]

JEANNE F. BROOKS, Plaintiff and Appellant, v. LOS ANGELES COUNTY BUREAU OF ADOPTIONS, Defendant and Respondent.

Cornell Ridley for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Jean Louise Waller, Deputy County Counsel, for Defendant and Respondent.

SMITH, J. pro Appellant appeals from a judgment based on an order sustaining a demurrer to her complaint without leave to amend. While her complaint is not clear, she apparently attempted to plead that by fraud and misrepresentations the County Bureau of Adoptions induced her to sign a relinquishment of her child; that the father also signed; that she attempted to rescind and filed an action (prior to this one) to cancel the relinquishment; that she lost such action because the father would not consent to the rescission; that she appealed; that the defendant County Bureau of Adoptions induced her to abandon her appeal by representing they would assist her in readopting her own child; that the Bureau started to do so but after she made arrangements they refused. She wants her child back.

The trial judge sustained a demurrer to such complaint without leave to amend for the sole reason that he believed that result was required by· *In re Newman,* 187 Cal.App.2d 377 [9 Cal.Rptr. 746]. For the same reason he did not decide any of the grounds set forth in the demurrer filed by the county. The *Newman* case was decided on a very limited record and the present problem was not before this court. Section 224m, Civil Code, provides that under certain circumstances the relinquishment is "final and binding and may be rescinded only by the mutual consent of the adoption agency" and the parents. The *Newman* case involved the problem of an attempted unilateral withdrawal of consent by the parents, which is expressly forbidden by that language. This court cited the section and, in stating what it provided, used the exact words of the section above quoted. It did not purport to apply those words to the present problem which is: May there be rescission *for cause?* Our answer to that question is: Yes.

In the field of contract law rescissions normally are not permitted except for cause, and consequently to lawyers and judges "rescission" usually carries with it the connotation of "for cause," and thus a law prohibiting rescission is

---

*Assigned by Chairman of Judicial Council.

some indication that there may be no rescission even for cause. However the common definition (see Webster's New International Dictionary (2d ed.)) does not include such connotation. ■ The common meaning of the word relates to a cancellation irrespective of cause. The rule permitting documents to be set aside, cancelled or "rescinded for cause" is a creature of equity and is a right and remedy that exists independently of the basic meaning of the word rescinded as used by laymen. ■ For several reasons we believe the Legislature was using the word in its ordinary sense only. Section 224m, Civil Code, associates the word "rescinded" with consent, permits rescission by "mutual consent," denies rescission other than by "mutual consent," and thus implies that what the Legislature was trying to prohibit was only the unilateral withdrawal of consent by the parents. It would take much more explicit language than this to negate the independent rule of equity under which we have rescissions for cause. Also without such explicit language we should not attribute to the Legislature an intent to permit a public agency to use fraud, duress and other reprehensible means to deprive a mother of her child. Rather it appears that the Legislature, deeming such conduct unlikely by public welfare agencies, was not considering that problem at all when it amended section 224m, Civil Code, but was trying to prohibit parents from arbitrarily changing their minds. That this was the extent of the legislative intent is supported by the provisions of a companion section, 226a, Civil Code, wherein consent (to adoption) by natural parents may be withdrawn "with court approval."

If it be argued that it is for the best interests of the child that at some point there should be absolute finality, the answer is that this does not destroy finality in any proper case. It is one thing to plead fraud and duress and quite a different thing to prove it. Just as the courts have not approved arbitrary withdrawals under section 226a, Civil Code (see *Adoption of Pitcher*, 103 Cal.App.2d 859 [230 P.2d 449]) neither is the right here likely to be abused by the courts.

The case of *Fiske* v. *Director, Dept. Public Welfare*, 107 Cal.App.2d 31 [236 P.2d 427] tends to support the views herein expressed but is not a holding on our precise problem, i.e., it held that the record supported the finding that the consent was not "real" and affirmed a judgment that the relinquishment was "void" and should be "canceled."

The judgment is reversed with directions to reconsider the demurrer and, if sustained, to grant leave to amend.

Ashburn, Acting P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 26, 1963.