981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam MERIT, Petitioner-Appellant,
v.
UNITED STATES of America, Department of Justice; Joseph
Crabtree, Warden, FCI Sheridan, Respondents-Appellees.
 No. 91-36020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam Merit, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction, and the subsequent denial of his motion for reconsideration under Fed.R.Civ.P. 59(e). This court reviews the denial of a petition for habeas corpus de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and the denial of a motion under Rule 59(e) for an abuse of discretion, Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). We have jurisdiction under 28 U.S.C. 2253. We affirm.
 
 
 3
 Merit was convicted of wire fraud and other crimes in the United States District Courts of Arizona and Texas. Merit appealed to this court from the Arizona conviction, and this court affirmed. See United States v. Merit, 962 F.2d 917 (9th Cir.1992) (holding inter alia that South Africa's failure to issue extradition warrant did not render Merit's extradition invalid), cert. denied, 61 U.S.L.W. 3262 (U.S. Oct. 5, 1992) (No. 92-5216).
 
 
 4
 Merit filed this petition for relief under section 2241 in the United States District Court for the District of Oregon. In his petition, Merit attacked his conviction by arguing that he was improperly extradited from South Africa. The district court dismissed the petition for lack of jurisdiction under section 2241. Merit filed a motion for reconsideration under Fed.R.Civ.P. 59(e), which was denied.
 
 
 5
 The district court properly dismissed Merit's section 2241 petition. Although this petition is presented as a petition for habeas corpus, it directly challenges Merit's conviction. A challenge to a federal conviction is most appropriately brought as a motion under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Only a sentencing court has jurisdiction over a section 2255 motion. 28 U.S.C. § 2255. Accordingly, Merit should direct his challenges to the sentencing court in a section 2255 motion. See id.
 
 
 6
 Merit argues, however, that the district court should have entertained his habeas petition under section 2241 because a section 2255 motion is inadequate. This argument lacks merit.
 
 
 7
 A federal prisoner must bring a section 2255 motion in lieu of a habeas corpus petition unless a section 2255 motion is "inadequate or ineffective to test the legality of his detention". Id. The burden is on the petitioner to show that the section 2255 remedy is ineffective or inadequate. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).
 
 
 8
 Merit argues that a section 2255 motion is inadequate because he would have to file duplicate motions in the sentencing courts of Arizona and Texas, and the process would tend to prolong his wrongful incarceration. We disagree.
 
 
 9
 Merit is essentially arguing that a section 2255 motion is inadequate because it would be more time consuming than a habeas proceeding under section 2241. This circuit, however, has seldom held that a section 2255 motion is inadequate or ineffective. See Tripati, 843 F.2d at 1162-63; (section 2255 motion was not inadequate or ineffective merely because sentencing court denied relief on the merits); Redfield, 315 F.2d at 83 (same); Estep v. United States, 316 F.2d 767, 769 (9th Cir.1963) (movant's unspecified fears of unequal treatment by the sentencing courts did not render section 2255 motion inadequate), cert. denied, 376 U.S. 916 (1964); Madsen v. Hinshaw, 237 F.2d 370, 371 (9th Cir.1956) (prolonged and stubborn refusal of sentencing court to hear section 2255 motion, because it could be remedied by mandamus, did not render motion inadequate or ineffective). Merit has failed to carry his burden of showing that a section 2255 motion is inadequate or ineffective. See Redfield, 315 F.2d at 83. Therefore, this argument lacks merit.
 
 
 10
 Accordingly, the district court did not err by dismissing Merit's section 2241 petition, or by denying his subsequent motion for reconsideration. See id.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Merit's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Merit's motion filed on November 2, 1992 is denied as moot