995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Robert PITTMAN, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 92-54659.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pittman, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. This court reviews the denial of a petition for habeas corpus de novo. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 The district court properly dismissed Pittman's section 2241 petition. Although this petition is presented as a petition for habeas corpus, it directly challenges Pittman's conviction. A challenge to a federal conviction is most appropriately brought as a motion under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Only a sentencing court has jurisdiction over a section 2255 motion. 28 U.S.C. § 2255. Accordingly, Pittman should direct his challenges to the sentencing court in a section 2255 motion. See id.
 
 
 4
 Pittman argues, however, that the district court should have entertained his habeas petition under section 2241 because a section 2255 motion is inadequate. This argument lacks merit.
 
 
 5
 A federal prisoner must bring a section 2255 motion in lieu of a habeas corpus petition unless a section 2255 motion is " 'inadequate or ineffective to test the legality of his detention.' " Id. (quoting 28 U.S.C. section 2255). The burden is on the petitioner to show that the § 2255 remedy is ineffective or inadequate. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).
 
 
 6
 Pittman argues that a section 2255 motion is inadequate because "mere codes do not apply to my person." This argument is frivolous on its face. Further, this circuit has seldom held that a section 2255 motion is inadequate or ineffective. See Tripati, 843 F.2d at 1162-63 (section 2255 motion was not inadequate or ineffective merely because sentencing court denied relief on the merits); Redfield, 315 F.2d at 83 (same); Estep v. United States, 316 F.2d 767, 769 (9th Cir.1963) (per curiam) (movant's unspecified fears of unequal treatment by the sentencing courts did not render section 2255 motion inadequate), cert. denied, 376 U.S. 916 (1964); Madsen v. Hinshaw, 237 F.2d 370, 371 (9th Cir.1956) (prolonged and stubborn refusal of sentencing court to hear section 2255 motion, because it could be remedied by mandamus, did not render motion inadequate or ineffective). Pittman has failed to carry his burden of showing that a section 2255 motion is inadequate or ineffective. See Redfield, 315 F.2d at 83. Accordingly, the district court did not err by dismissing Pittman's section 2241 petition. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3