21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darren C. MORTENSEN, Petitioner-Appellant,
v.
Calvin MORTON, Respondent-Appellee.
 No. 93-17008.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darren Mortensen, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2241 petition for habeas corpus. We review de novo, Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam), and affirm.
 
 
 3
 The district court properly dismissed Mortensen's section 2241 petition. Although this petition is presented as a petition for habeas corpus, it directly challenges Mortensen's conviction. A challenge to a federal conviction is most appropriately brought as a motion under 28 U.S.C. Sec. 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Only a sentencing court has jurisdiction over a section 2255 motion. 28 U.S.C. Sec. 2255. Accordingly, Mortensen should direct his challenges to the Wisconson sentencing court in a section 2255 motion. See id.
 
 
 4
 Mortensen argues, however, that the Ninth Circuit's interpretation of the federal guidelines under which he was sentenced is more lenient to him than in the Seventh Circuit, the situs of the sentencing court. Thus, he argues that a section 2255 motion in the sentencing court would be inadequate or ineffective to test the legality of his conviction. We disagree.
 
 
 5
 A prisoner authorized to apply for section 2255 relief may not instead bring a section 2241 petition for habeas corpus unless the remedy under section 2255 is inadequate or ineffective to test the legality of the detention. See id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).
 
 
 6
 This circuit has seldom held that a section 2255 motion is inadequate or ineffective. See Tripati, 843 F.2d at 1162-63 (section 2255 motion was not inadequate or ineffective merely because sentencing court denied relief on the merits); Redfield, 315 F.2d at 83 (same); Estep v. United States, 316 F.2d 767, 769 (9th Cir.1963) (per curiam) (movant's unspecified fears of unequal treatment by the sentencing courts did not render section 2255 motion inadequate), cert. denied, 376 U.S. 916 (1964); Madsen v. Hinshaw, 237 F.2d 370, 371 (9th Cir.1956) (prolonged and stubborn refusal of sentencing court to hear section 2255 motion, because it could be remedied by mandamus, did not render motion inadequate or ineffective). Mortensen has failed to carry his burden of showing that a section 2255 motion is inadequate or ineffective. See Redfield, 315 F.2d at 83. Accordingly, the district court did not err by dismissing Mortensen's section 2241 petition without prejudice to the filing of a section 2255 motion in the sentencing court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3