67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Derek Dion CURTIS, I, Petitioner.
 No. 95-8059.
 United States Court of Appeals,
Fourth Circuit.
 Sept. 12, 1995.
 
 Derek Dion Curtis, I, Petitioner pro se.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Derek Dion Curtis, a federal prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 (1988). Curtis alleges that he was never indicted by a grand jury and never waived indictment, that court officials, the Assistant United States Attorney, and the federal public defender conspired to use a bogus indictment to prosecute him, and that the district court lacked jurisdiction to prosecute him and this court does not have jurisdiction over his pending direct appeal.
 
 
 2
 A court will not entertain a Sec. 2241 petition unless a Sec. 2255 motion is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. Sec. 2255 (1988); Swain v. Pressley, 430 U.S. 372, 381 (1977). The petitioner bears the burden of showing the inadequacy or ineffectiveness of a Sec. 2255 motion. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979).
 
 
 3
 Curtis has failed to present any facts showing that Sec. 2255 provides an inadequate remedy. He has made only conclusory allegations that the district court and the prosecutor used a bogus indictment. Such conclusory allegations do not establish that the remedy under Sec. 2255 is inadequate or ineffective.* See McGhee, 604 F.2d at 11.
 
 
 4
 Accordingly, we deny leave to proceed in forma pauperis and dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 We acknowledge that Curtis's direct appeal is pending and that a Sec. 2255 motion cannot be addressed while a direct appeal is pending. Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). However, the inability to have the motion entertained immediately by the sentencing court should not render the motion inadequate or ineffective. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.) (sentencing court denied relief or trial court judge allegedly biased), cert. denied, 488 U.S. 982 (1988); Madsen v. Hinshaw, 237 F.2d 370, 371 (9th Cir.1956) (district judge refused to rule on Sec. 2255 motion)