[Crim. No. 2480. Third Dist. Jan. 19, 1954.]

In re JOSE MARTHA, on Habeas Corpus.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Appellant.

C. D. McComish for Respondent.

VAN DYKE, P. J.—Respondent, Jose Martha, having been convicted and sentenced to jail by a judgment made and entered in the Justice's Court of Colusa Judicial District, Colusa County, California, petitioned the Superior Court of

Colusa County for a writ of habeas corpus. The writ was issued and after proceedings held the court declared that respondent was unlawfully detained under count II of the complaint by which he had been proceeded against. The court declared that his detention under count I of that complaint, however, was valid and remanded him to serve out the balance of his term thereunder. From that part of the order declaring that respondent's detention under said count II of the complaint was unlawful the People have appealed.

The return to the writ showed that respondent was being held in the Colusa County jail by the sheriff of that county and that the justification for this restraint was the following: That he had been arrested on May 18, 1953, pursuant to a warrant of arrest which was attached to the return; that on that day he had entered a plea of guilty before the judge of the Justice Court of Colusa Judicial District to charged offenses of disturbing the peace (violation of Pen. Code, § 415) and battery (violation of Pen. Code, § 242); that he had been sentenced to serve three months in the county jail upon the peace disturbance charge, to serve six months in said jail upon the battery charge, and that for the latter offense he had been fined in the sum of $250 with directions that unless the fine was paid he be detained one day for each $2.00 of said fine. It does not appear that any exception was taken to the legal sufficiency of the return nor that any traverse thereto was filed. Before treating of the contentions of appellant we think it well to discuss briefly the procedural requirements as laid down in the Penal Code and as declared in the case law.

"The action which the petitioners may take upon the filing of the return is specified in section 1484 of the Penal Code. They may deny or controvert any of the material facts or matters set forth in the return, or except to the sufficiency thereof, or allege any facts to show either that their imprisonment or detention is unlawful, or that they are entitled to their discharge. The section further provides that the court or judge must thereupon proceed in a summary way to hear such proof as may be produced against the imprisonment or detention, or in favor of the same, and to dispose of the party as the justice of the case requires, with full power and authority to require and compel the attendance of witnesses, and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case." (*In re Egan,* 24 Cal.2d 323, 329 [149 P.2d 693].)

In this case the record on appeal does not disclose that respondent took any action upon the filing of the return other than to appear at and participate in the hearing which the court held. Neither does it appear that the petition was treated as a traverse if, indeed, it was sufficient, so treated, to raise any issue triable in a habeas corpus proceeding. We will further discuss this deficiency. We continue our quotation from *In re Egan, supra,* at page 329:

"The only step taken by the petitioners upon the filing of the return was to stipulate that their petition be considered a denial of the matters set up in the return. [As noted, this was not done in the case before us.] The petitioners did not make the present objections to the return until full hearings had been had before the referee and more than a month after the filing of the referee's report. Objection to the return made at such time is not in accordance with the requirements of the Code and comes too late."

██ As in the Egan case, *supra,* the return in this case included a general denial of the statements in the petition for the writ. This is not a proper way to raise triable issues, as was pointed out in the cited case in the following language, at page 330:

". . . an objection that the general denial in the return was insufficient to meet the issues tendered by the petition may not be made. ██ The function of the petition is to obtain the issuance of the writ. ██ The return is not to the petition, but to the writ. Issues are thereupon joined by denial or other controversion of the material matters set forth in the return (Pen. Code, § 1484), and were so joined in this case by the petition, considered as a traverse to the return pursuant to the stipulation. ██ Thereupon, the petition being considered the answer, allegations as to any new matter therein are deemed denied. By analogy, the return is the complaint and the traverse . . . is the answer. New matter set up in the answer is deemed denied and must be proved by the parties alleging it, . . ."

██ While proceedings in habeas corpus ought never to be hampered by technicalities, nevertheless the simple and substantial requirements of the applicable sections of the Penal Code ought to be followed. This is particularly true now that the People have been given the right to appeal from final orders made in such proceedings which discharge a person convicted of crime. ██ The prosecution and determination of such appeals require that a proper record on

appeal be presented. Insofar as the trial court is concerned, any lack of appropriate pleadings was probably the result of oversight arising from the fact that three different trial judges participated after the issuance of the writ. The same excuse, however, cannot be made for counsel.

Notwithstanding the irregularities in procedure which we have pointed out, we will dispose of the appeal on the merits. This does not mean, however, that we can supply the lack of appropriate pleadings.

Appellant contends that the record does not support the order appealed from and this general contention must be sustained.

"A habeas corpus proceeding, however, is in the nature of a collateral attack, and a judgment that is collaterally attacked carries with it a presumption of regularity. . . . This presumption of regularity applies to the proceedings of a justice's court only if the judgment affirmatively shows, as in the present case, that the court has jurisdiction over person and subject matter." (*In re Bell*, 19 Cal.2d 488, 500 [122 P.2d 22].)

Here it was sufficiently shown by the return of the sheriff that the detention of respondent followed from the filing of a complaint charging offenses within the jurisdiction of the committing court; that there was issued thereon a proper warrant of arrest and that respondent was taken into custody thereunder; that respondent appeared before the justice court and was by that court informed as to his constitutional rights, including his right to counsel; that he waived his right to counsel and elected to proceed in propria persona in his own behalf; that he pleaded guilty and was sentenced; that he was remanded to the custody of the sheriff for the execution of that sentence. All these proceedings appear regular upon their face and the return thus placed upon respondent the burden of raising issues by denying the statements in the return or by otherwise controverting the material matters set forth therein (*In re Egan, supra,* p. 330), or by affirmatively alleging such factual matters as would show that, though apparently regular, the proceedings leading up to his detention were in fact invalid. This invalidity might in such cases be shown to arise through loss of jurisdiction during the proceedings, caused by some denial of due process such as the denial of the right to counsel, the use of perjured testimony if a trial were had and the like. But as we have pointed out, this record discloses nothing of the sort. No

affirmative pleading was filed by the respondent and there was neither order nor stipulation that the petition be treated as a traverse. It must be said, however, that even if that had been done no triable issues would thereby have been raised for the petition itself contained nothing adequate to raise issues triable on habeas corpus. The petition contained the following statements: That respondent was being unlawfully restrained of his liberty; that the restraint was illegal, and that the illegality thereof consisted in this: That he had been arrested and imprisoned for taking part in a brawl, fight or disturbance on the street; that he was not present at the time and place alleged; that he pleaded guilty to the charge against him but did not realize what the plea meant; that he speaks poor English and was before the court with a number of persons of his own nationality and they all pleaded guilty so he followed suit.

Considered as a traverse, the petition raised no issues except that, by a broad indulgence, it might be said that respondent contended that he did not know what a plea of guilty meant. Treating it as sufficient to raise such issues, although surely it is apparent that this is broad indulgence indeed, we turn to the evidence received at the hearing, bearing in mind that it was for the respondent to prove the issue which we thus assume was presented. We find that no evidence was introduced upon the issue nor did the trial court purport to base its decision thereon. As we have said, there were three hearings in connection with this matter. The first was upon a writ which was discharged and we will consider it as a part of the proceedings initiated by the petition and writ whereunder the order appealed from was made because it might have been understood among those participating— although it is by no means clear from the record—that the evidence given at the first hearing was stipulated as having been received on the later hearing. At that first hearing respondent took the stand. After some preliminary questions, the court concluded that he sufficiently understood the English language as not to require the help of an interpreter and his request for an interpreter was, therefore, denied. He proceeded then to testify that he had been arrested and confined in jail; that he had not been told by the officers why he was being locked up but thought it was for fighting; that he had not been fighting at that time; that he was born in New Mexico and had gone to school two years; that he was 19 years of age. Other witnesses were then sworn and testified

that on the day on which he had been charged with disturbing the peace he had had a fight with another man which continued until both contestants became tired and went their way; that a later fight occurred on that same day. Nothing further was shown. Turning, now, to the evidence taken on the hearing of the later writ, which hearing ended in the making of the order appealed from, we find that respondent was again called to the stand, but gave no testimony. It was stipulated that he had been arrested and was confined in jail. Thereupon one Tony Gutierrez testified that he had been one of those engaged in the street fighting which formed the foundation of the charges against respondent, and that respondent had not been present. Armando Gutierrez testified that he was in jail as a result of that same fighting and was then asked if respondent was a participant therein. The People objected that in a habeas corpus proceeding it was not proper to receive evidence bearing upon the guilt or innocence of respondent and the objection was overruled. He thereupon testified that respondent had not participated in the disturbance. Jesse Gutierrez also testified respondent had not been a participant in that affair, as did one Ernie Wright, whose testimony was again objected to upon the same ground. The same ruling was made. Albert Ybarra was then sworn and testified that respondent had not participated in the altercation which was the foundation of the charges against him. Respondent rested. Thereupon counsel for the People, stating to the court that questions of fact touching guilt or innocence were apparently being tried, called several witnesses who testified that respondent had participated in the street fight in question. It is apparent that even if we assume, as we have done, that an issue of due process was tendered in any way, respondent presented no evidence tending to show that the justice court had not proceeded regularly from the time its jurisdiction was properly invoked by the filing of the complaint to the time when upon his plea of guilty respondent was ordered into custody to serve out the sentence imposed upon him. Whether he was guilty or not was not an issue and it was error to take evidence thereon. However, our decision is based on the insufficiency of evidence to justify the order of the court which has been appealed from, and upon that ground the order is reversed.

Peek, J., and Schottky, J., concurred.