[Crim. No. 2844.   Fourth Dist., Div. One.   Aug. 21, 1967.]

In re WILLIAM SPINKS on Habeas Corpus.

Edward T. Butler, City Attorney, Robert A. Fitch and Clayton L. Miller, Deputy City Attorneys, for Appellant.

Peter Clarke for Respondent.

COUGHLIN, J.—By petition for writ of habeas corpus, William Spinks alleged he was unlawfully imprisoned in the San Diego County jail; was a chronic alcoholic sentenced to that jail for 180 days, less one day suspended, for violation of Penal Code, section 647, subdivision (f); and this sentence violated the Eighth Amendment to the United States Constitution because his ''acts were compulsive as symptomatic of his disease and that treatment of such acts as criminal is cruel and unusual punishment under said Amendment.'' A writ of habeas corpus was issued; a hearing was held; and, thereupon, the court made its order that as to the offense in question, petitioner be released from custody. The People, through the city attorney, appeal.

The facts of the case as stated hereinafter are gleaned from copies of designated documents included in the clerk's transcript on appeal; a transcript of the proceedings before the trial court contained in the reporter's transcript on appeal; and statements from the briefs on appeal filed in this court.[1]

William Spinks was charged with the offense of ''disorderly conduct,'' allegedly occurring on December 27, 1966, in that he was found in a public place under the influence of intoxicating liquor in such a condition he was unable to exercise care for his own safety or the safety of others, a violation of

---

[1]The clerk's transcript on appeal does not contain a return to the writ or an answer to the return. Whether the failure to include such is the result of their nonexistence or the lack of a request to incorporate them in the transcript we have not been advised. Absent a showing of compliance with the procedural prerequisites in the premises (see *In re Masching*, 41 Cal.2d 530, 533 [261 P.2d 251]; *In re Egan*, 24 Cal.2d 323, 329 [149 P.2d 693]; *In re Martha*, 122 Cal.App.2d 654, 657-658 [265 P.2d 527]), and the lack of any objection respecting such by the parties to the appeal, we will consider the factual situation assumed by the parties in their presentation of the primary issue of law presented for determination on appeal.

Penal Code section 647, subdivision (f); entered a plea of guilty; was sentenced to imprisonment in the county road camp for 180 days, less one day suspended; and filed the instant petition on January 6, 1967.

At the hearing on Jan. 26, 1967, the evidence was directed to the issue whether petitioner was a chronic alcoholic. By stipulation the written report of a medical doctor was admitted in evidence, which concluded with the opinion petitioner was addicted to the use of alcohol and habit forming drugs to the extent he was a danger to himself and others and required hospitalization. Petitioner testified he was first arrested for being intoxicated at age 16; at the time of the hearing he was age 32; he had had four previous arrests for being intoxicated, all of which resulted in suspended sentences; the reason he had not been arrested more often was because his "drinking was mainly done at home" or by himself; on five different occasions he had been hospitalized for treatment as a chronic alcoholic; these hospitalizations, in most instances, followed voluntary proceedings instituted by him to effect such; he was hospitalized in 1956, 1959, 1962, 1963 and 1966; following his 1963 hospitalization he came to Pasadena, California and remained sober for two and one-half years, during which time he was associated with Alcoholics Anonymous and also went to a private psychologist; as long as he sought treatment and engaged in these activities he usually could "work out the compulsion" to drink; but in 1966 "stopped availing" himself of the therapy thus afforded and he again started drinking; just before his arrest he had only been drinking for less than a day; but five days before that he "had been on quite an extensive binge."

At the conclusion of the hearing the court ordered petitioner's discharge from detention on account of his conviction; thereupon proceedings were instituted to effect his hospitalization, presumably pursuant to the provisions of sections 5675-5677 of the Welfare and Institutions Code; and he was committed to a state hospital as an inebriate.

The order of discharge apparently was premised upon an implied finding petitioner was a chronic alcoholic as alleged in his petition; and upon the conclusion of law that Penal Code section 647, subdivision (f), as applied to a chronic alcoholic, is unconstitutional.

Appellant's opening brief contains the following statement: ". . . it has been stipulated that the Respondent Spinks, is a chronic alcoholic, that he was so suffering from

chronic alcoholism at the time of his arrest in a public place.''

In California the constitutionality of a statute may be tested in a habeas corpus proceeding. (*In re Carlson,* 64 Cal.2d 70, 73 [48 Cal.Rptr. 875, 410 P.2d 379]; *In re Zerbe,* 60 Cal.2d 666, 667-668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; *In re Bell,* 19 Cal.2d 488, 492 [122 P.2d 22].) The claimed unconstitutionality may arise out of the application of the statute to a particular individual or class of individuals. (*Paul* v. *Allied Dairymen, Inc.,* 209 Cal.App.2d 112, 124 [25 Cal.Rptr. 595]; 16 Am.Jur.2d 427, 429.) Petitioner contends Penal Code, section 647, subdivision (f) is unconstitutional as applied to him because he is a chronic alcoholic; his presence under the influence of intoxicating liquor in a public place was ''compulsive as symptomatic of his disease''; and the statute declaring such to be a crime constituted the imposition of cruel and unusual punishment within the meaning of the Eighth Amendment to the Constitution of the United States. In support of this position he cites the decisions in *Robinson* v. *California,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]; *Easter* v. *District of Columbia,* 361 F.2d 50, and *Driver* v. *Hinnant,* 356 F.2d 761.

Penal Code, section 647, subdivision (f) defines an offense in terms of acts rather than status; penalizes the act of being in a public place while under the influence of intoxicating liquor; does not punish a person for being intoxicated; and does not punish a chronic alcoholic because of his alcoholism. (*In re Koehne,* 59 Cal.2d 646, 648-649 [30 Cal.Rptr. 809, 381 P.2d 633].) The decision in *Robinson* v. *California, supra,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417], declared unconstitutional a statute which punishes an illness; held narcotic addiction is such an illness; is limited in scope to a statute penalizing the status of illness; and does not apply to statutes proscribing acts by the subject of such an illness. (*In re Carlson, supra,* 64 Cal.2d 70, 72.) Thus statutes punishing the use or possession of a narcotic have been upheld as constitutional even though the person violating them has been a narcotics addict (*In re Carlson, supra,* 64 Cal.2d 70, 72; *In re Becerra,* 218 Cal.App.2d 746 [32 Cal.Rptr. 910]), or did so to satisfy a need induced by narcotic addiction. (*People* v. *Zapata,* 220 Cal.App.2d 903, 905 [34 Cal.Rptr. 171]; *People* v. *Bowens,* 229 Cal.App.2d 590, 601 [40 Cal.Rptr. 435].)

Assuming, as contended by petitioner, that chronic alcoholism is an illness in the same category as narcotic addiction,

the rule in *Robinson* does not apply to the instant situation because, as noted, Penal Code, section 647, subdivision (f) does not punish a chronic alcoholic because of his chronic alcoholism, but punishes him because he appears in a public place while intoxicated to the extent he is unable to exercise care for his own safety or the safety of others.

The decisions in *Easter* v. *District of Columbia, supra,* 361 F.2d 50, and *Driver* v. *Hinnant, supra,* 356 F.2d 761, invalidated convictions under statutes making it a criminal offense to appear in public while intoxicated; relied upon the principles announced in *Robinson* v. *California, supra,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]; held that chronic alcoholism is a disease; on the issue of constitutionality held the conduct of a chronic alcoholic appearing in a public place while intoxicated was compulsive as a symptom of chronic alcoholism, and lacked the criminal intent generally essential to the commission of a crime; and concluded that such a statute as applied to a chronic alcoholic was unconstitutional because in making the proscribed conduct criminal, absent criminal intent, it imposed cruel and inhuman punishment. These decisions are based upon a concept of the rule in *Robinson* rejected by the courts of this state; are premised upon conclusions we believe to be unsound; and are not acceptable as precedential authority in the premises.[2]

---

[2]A substantial part of the opinion in *Driver* v. *Hinnant,* 356 F.2d 761, which was followed in *Easter* v. *District of Columbia,* 361 F.2d 50, 53, is devoted to development of the premise that the appearance of a chronic alcoholic in a public place under the influence of intoxicating liquor is without criminal intent; relates this conduct to compulsive, symptomatic behavior of a chronic alcoholic within the ruling announced in *Robinson* v. *California,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417]; and thus lays the basis for the conclusion that a statute making the proscribed conduct criminal, absent criminal intent, violates the Eighth Amendment to the United States Constitution.

The court in *Driver* (p. 765) said: ''The upshot of our decision is that the State cannot stamp an unpretending chronic alcoholic as a criminal if his drunken public display is involuntary as the result of disease.'' Further, the court limited its decision to a statute of the type under consideration, saying (p. 764): ''However, our excusal of the chronic alcoholic from criminal prosecution is confined exclusively to those acts on his part which are compulsive as symptomatic of the disease. With respect to other behavior—not characteristic of confirmed chronic alcoholism—he would be judged as would any person not so afflicted.''

We disagree with the premise the act of a chronic alcoholic appearing in a public place while under the influence of intoxicating liquor, as a matter of law, is not voluntary and lacks criminal intent. (Gen. see *Estate of Fisher,* 202 Cal. 205, 209 [259 P. 755], holding the effect of addiction to the excessive use of alcohol upon the mental ability or soundness of mind of the addicted person is a question of fact.) The testimony of petitioner in the case at bench describing his life as a chronic alcoholic demonstrates an ability to control his pulbic appearances while intoxi-

The order of discharge is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 19, 1967.

---

cated. He was arrested only on four previous occasions because he remained at home while intoxicated. Furthermore, assuming a chronic alcoholic is a person who has lost the power of control over his use of alcohol, the testimony of petitioner demonstrates his ability to regain that control. He instituted proceedings resulting in his commitment for hospitalization on five occasions. Inferable from his testimony is the conclusion that a penal statute proscribing acts by a person while under the influence of intoxicating liquor is a deterrent to the commission of those acts by a chronic alcoholic as well as by others.

The petition in the case at bench presents only the issue of the constitutionality of Penal Code, section 647, subdivision (f), as applied to a chronic alcoholic. The issue of chronic alcoholism and its effect, if any, upon the volition or criminal intent of petitioner was not presented to the court imposing sentence upon him. He entered a plea of guilty which was an admission of the existence of all of the elements of the offense, including criminal intent. The fact of petitioner's chronic alcoholism was not presented to any court until he applied for a writ of habeas corpus and a consideration of the relation between petitioner's chronic alcoholism and the offense of which he was convicted is confined to the constitutional issue whether the statute as applied to a chronic alcoholic is valid. (See *In re Stevenson,* 187 Cal. 773 [204 P. 216]; *People* v. *Zapata,* 220 Cal. App.2d 903, 907 [34 Cal.Rptr. 171].)

The conclusion in *Driver* on the constitutional issue is premised on the rationale in *Robinson* v. *State of California.* The court said (p. 764): *"Robinson* v. *State of California, supra,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417] (1962), sustains, if not commands, the view we take. While occupied only with a State statute declaring drug addiction a misdemeanor, the Court in the concurrences and dissents, as well as in the majority opinion, enunciated a doctrine encompassing the present case." Thereupon the court extended the rule in *Robinson,* which invalidated statutes punishing illness, to statutes punishing "involuntary deportment." Statutes punishing the use or possession of a narcotic are not unconstitutional because the offending conduct of the user or possessor is the product of narcotic addiction compulsion. (*In re Carlson,* 64 Cal.2d 70, 72 [48 Cal.Rptr. 875, 410 P.2d 379]; *People* v. *Bowens,* 229 Cal.App.2d 590, 601 [40 Cal.Rptr. 435]; *People* v. *Zapata, supra,* 220 Cal.App.2d 903, 905; *In re Becerra,* 218 Cal.App.2d 746 [32 Cal.Rptr. 910].) No reason exists for concluding that although the involuntary act of the narcotic addict is not encompassed within the doctrine enunciated in *Robinson,* the alleged involuntary act of the chronic alcoholic comes within the scope of that doctrine.

The Supreme Court of the United States denied certiorari to review an order of the Supreme Court of California denying the petition of Thomas F. Budd for a writ of habeas corpus which presented the question "whether punishment may constitutionally be inflicted, pursuant to § 647(f) of the California Penal Code, upon a person suffering from the disease of alcoholism—as distinguished from drunkenness or periodic, voluntary over-indulgence in intoxicants." (*Budd* v. *California* (1966) 385 U.S. 909 [17 L.Ed.2d 138, 87 S.Ct. 209].) The California Supreme Court denied the petition without written opinion. The reason for denial of certiorari by the United States Supreme Court is not given. The facts in the case appear in the dissenting opinion by Mr. Justice Fortas who believed the writ of certiorari should have been granted.