**Charles H. VICK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 987.**

Supreme Court of Alaska.

April 7, 1969.

Peter R. Ellis, of Ziegler, Ziegler, Cloudy & Ellis, Ketchikan, for appellant.

William H. Hawley, Jr., Dist. Atty., Ketchikan, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant was convicted and given a 90-day jail sentence by the district court for the offense of appearing in public in a drunken condition. On appeal his conviction was affirmed by the superior court. He has now appealed to this court, claiming that since he is a chronic alcoholic, incapable of controlling his obsession to drink to excess, he cannot be held criminally accountable for the crime of being drunk in public and that it would violate the constitutional ban against cruel and unusual punishment [1] to punish him for that crime.

Appellant's contention finds support in a decision of the federal Court of Appeals for the Fourth Circuit. In Driver v. Hinnant [2] the court held that chronic alcoholism is a disease, that when a chronic alcoholic is drunk in public no crime has been perpetrated because "the conduct was neither actuated by an evil intent nor accompanied with a consciousness of wrongdoing, indispensable ingredients of a crime", that an appearance in public in a drunken condition is not the chronic alcoholic's act because he did not will it, and that to pass a judgment of criminal conviction upon such a person would affront the eighth amendment to the federal constitution as cruel and unusual punishment.

Appellant may also look for support of his contention to a decision of the federal Court of Appeals for the District of Columbia where it was held that chronic alcoholism is a defense to a charge of public

---

1. The eighth amendment to the federal constitution provides:
Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.
Article I, § 12 of the Alaska Constitution provides in part:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

2. 356 F.2d 761 (4th Cir. 1966).

intoxication and therefore is not a crime and that to convict a chronic alcoholic of public intoxication would affront the eighth amendment to the federal constitution.[3] Congress had enacted a statute for the District of Columbia which authorized the courts to take judicial notice of the fact that a chronic alcoholic was a sick person. The term "chronic alcoholic" was defined as "any person who chronically and habitually uses alcoholic beverages to the extent that he has lost the power of self-control with respect to the use of such beverages, or while under the influence of alcohol endangers the public morals, health, safety, or welfare." D.C.Code 1961, § 24–502. The court held that these statutory provisions precluded attaching criminality to intoxication in public of a chronic alcoholic. The court said:

> An essential element of criminal responsibility is the ability to avoid the conduct specified in the definition of the crime. Action within the definition is not enough. To be guilty of the crime a person must engage responsibly in the action. Thus, an insane person who does the act is not guilty of the crime. The law, in such a case based on morals, absolves him of criminal responsibility. So, too, in case of an infant. In case of a chronic alcoholic Congress has dealt with his condition so that in this jurisdiction he too cannot be held to be guilty of the crime of being intoxicated because, as the Act recognizes, he has lost the power of self-control in the use of intoxicating beverages. In his case an essential element of criminality, where personal conduct is involved, is lacking. This element is referred to in the law as the criminal mind.[4]

The state courts that have passed on this matter are not in accord with appellant's view. The Georgia Court of Appeals has held that a plea of chronic alcoholism is not available as a defense to a charge of drunkenness.[5] The Court of Appeal for California has taken the position that a statute which makes a person guilty of an offense of disorderly conduct for being found in a public place under the influence of intoxicating liquor, as applied to a chronic alcoholic, was not unconstitutional and did not impose cruel and unusual punishment.[6] The Supreme Court of Washington has stated that despite one's claimed addiction to alcohol, he had the power to make a choice of whether to drink or not, that when one chooses to drink he must in law be deemed to have voluntarily invited the consequences of that drinking, and that although chronic addictive alcoholism may be regarded as a disease entity for medical purposes, it is not such a disease that renders its victims immune from prosecution for public drunkenness.[7] And the Supreme Court of Michigan has held that imprisonment of an alcoholic for being drunk in public is not cruel and unusual punishment.[8]

Finally, a recent decision of the United States Supreme Court is adverse to appellant's stand. In Powell v. Texas[9] a county court of Texas had found that the defendant was afflicted with the disease of chronic alcoholism, but nevertheless held that such alcoholism was not a defense to a charge of being drunk in a public place. On appeal the United States Supreme Court affirmed the conviction, refusing to hold that the conviction of this defendant would violate the cruel and unusual punishment clause of the eighth amendment as applied

3. Easter v. District of Columbia, 124 U.S. App.D.C. 33, 361 F.2d 50 (1966).

4. Id., 361 F.2d at 52.

5. Burger v. State, 118 Ga.App. 328, 163 S.E.2d 333 (1968).

6. In re Spinks, 253 Cal.App.2d 748, 61 Cal.Rptr. 743, 745–746 (1967).

7. City of Seattle v. Hill, 72 Wash.2d 786, 435 P.2d 692, 700–701 (1967).

8. People v. Hoy, 380 Mich. 597, 158 N.W. 2d 436 (1968).

9. 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).

to the states through the fourteenth amendment.

Our system of criminal law is founded upon the traditional common law concept of personal accountability—upon the proposition that individuals possess free will and are to be held responsible for their acts.[10] We believe that it would tend toward a virtual abandonment of the criminal law to subscribe to appellant's argument and adopt the rationale of the decisions in Driver v. Hinnant[11] and Easter v. District of Columbia.[12]

In those cases the courts pointed out that the conclusions they reached did not contravene the accepted rule that voluntary drunkenness was no excuse for crime[13]— that the voluntarily intoxicated person was not to be absolved of criminal responsibility for crime in general under applicable law.[14] What is significant about these statements is that the rule of criminal responsibility is being retained only for the voluntarily intoxicated person. Nothing is said as to whether there will be continued criminal responsibility for one whose intoxication is involuntary. But that is the kind of person being considered in *Driver* and *Easter*. In *Driver* the court spoke of one whose appearance in public in a drunken condition was "unwilled and ungovernable"—that it was not his act because he did not will it. And in *Easter* the court spoke of one who had lost the power of self-control in the use of intoxicating beverages, and stated that a chronic alcoholic cannot have the *mens rea*[15] necessary to be held responsible criminally for being drunk in public.

The effect of such a concept is to do away with free will so far as the chronic alcoholic is concerned. One suffering from the disease of alcoholism has a compulsion to drink and to get drunk in public, and since this compulsion is said to be irresistible and not the product of the exercise of one's will, it is said he cannot be held criminally responsible for public drunkenness. The inevitable result of such a holding is that the chronic alcoholic would also have to be relieved of the legal consequences of other crimes committed while under the influence of alcohol.[16] One may not escape that conclusion. If the alcoholic's public display of drunkenness is not his act because he was unable to resist the compulsion to drink to excess, then other things he does while in that intoxicated state would also not be his act—would not be the product of the exercise of his will. Thus, the person who becomes intoxicated involuntarily would have to be excused from acts performed while intoxicated, such as murder, rape, assault and battery, and others.

We are unwilling to go this far. This is not required by the state of the record in this case. In an affidavit filed in the district court Dr. Wilson stated that in his opinion appellant "is addicted to alcohol and is a chronic alcoholic in that when he is not physically denied access to alcohol he chronically and habitually uses alcoholic beverages to the extent that he loses the power of self-control with respect to the use of alcoholic beverages",[17] and that appellant "suffers from alcoholism and from both a physical compulsion and mental obsession concerning his use and consumption of alcoholic

10. See Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254, 1269 (1968); Note, Cruel and Unusual Punishment Clause and the Substantive Criminal Law, 79 Harv.L.Rev. 635, 654 (1966).

11. 356 F.2d 761 (4th Cir. 1966).

12. 124 U.S.App.D.C. 33, 361 F.2d 50 (1966).

13. Driver v. Hinnant, 356 F.2d 761, 764 (4th Cir. 1966).

14. Easter v. District of Columbia, 124 U.S.App.D.C. 33, 361 F.2d 50, 53 (1966).

15. *Mens rea* is defined as "a guilty or wrongful purpose; a criminal intent." Black's Law Dictionary 1137 (4th ed. 1951).

16. City of Seattle v. Hill, 72 Wash.2d 786, 435 P.2d 692, 700 (1967); Burger v. State, 118 Ga.App. 328, 163 S.E.2d 333, 335 (1968).

17. This is the language of the statute defining the term "alcoholic". AS 47.30.500 (3) states that
    "alcoholic" means a person who chronically and habitually uses alcoholic bever-

beverages." This does not tell us much. Saying without more that one "loses the power of self-control with respect to the use of alcoholic beverages" fails to make a distinction between loss of self-control once an individual has commenced to drink and loss of control which makes it impossible for him to abstain from drinking in the first place. This is a crucial distinction, because presumably a person would have to display both characteristics before he could hope to establish that his public drunkenness was ungovernable and unwilled.[18] To say that appellant suffers from both a "physical compulsion and mental obsession" concerning the consumption of alcoholic beverages is not to say that such compulsion and obsession were so completely overpowering that appellant was incapable of not taking the first drink, which in turn led to successive drinks and an eventual state of inebriation.

Furthermore, there is yet much to be learned about alcoholism from a medical point of view. As the United States Supreme Court has pointed out in Powell v. Texas, there is no agreement among members of the medical profession about what it means to say that alcoholism is a disease, and there is substantial disagreement as to the manifestations of the disease called alcoholism.[19] We agree with the Supreme Court when it said:

> We are unable to conclude * * * on the current state of medical knowledge, that chronic alcoholics in general * * * suffer from such an irresistible compulsion to drink and to get drunk in public that they are utterly unable to control their performance of either or both of these acts and thus cannot be deterred at all from public intoxication.[20]

We hold that appellant is not entitled to be relieved of accountability for the offense of public drunkenness because of

his habits and drinking pattern in the use of alcoholic beverages. To impose a sentence of imprisonment upon conviction of that offense is not the imposition of cruel and unusual punishment in violation of the federal and state constitutions. The judgment is affirmed.

---

ages to the extent that he loses the power of self-control with respect to the use of alcoholic beverages; or a person who chronically and habitually uses alcoholic beverages to the extent that he becomes a menace to the public morals, health, safety or welfare.

18. Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254, 1263 (1968).

19. Id. 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d at 1261–1262.

20. Id. 392 U.S. at 535, 88 S.Ct. at 2155, 20 L.Ed.2d at 1269.