**Kyle David GARDNER, Plaintiff-Appellant,**

v.

**Bertram GRIGGS, Superintendent, Defendant-Appellee.**

No. 76–1246.

United States Court of Appeals, Ninth Circuit.

Sept. 9, 1976.

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

Raul V. Aguilar, San Francisco, Cal., for plaintiff-appellant.

Evelle J. Younger, Atty. Gen., State of Cal., Los Angeles, Cal., for defendant-appellee.

OPINION

Before LAY,* WRIGHT and KILKENNY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Gardner was arraigned on a state burglary charge and pleaded not guilty. The court denied the state's motion for a continuance at the preliminary hearing and ordered Gardner released. Instead, Gardner was arraigned on a second complaint filed against him that same day and again pleaded not guilty. On the date set for trial Gardner changed his plea to guilty pursuant to a plea bargain which, in addition to other terms, specified that Gardner would be credited for time served on the sentence for which the bargain had been arranged.

The sentence later imposed was identical in all respects to that originally bargained for except for providing that time would be credited towards a probation violation, the sentence for which was consecutive to the burglary sentence, and stated Gardner had been sent to a state facility for a diagnostic evaluation (not mentioned at all in the original bargain).

Because the California Supreme Court later denied Gardner's petition for habeas corpus without citation of authority, we assume that it disposed of Gardner's federal constitutional question on the merits and against him. *Thompson v. Procunier,* 539 F.2d 26 (9th Cir. 1976).

Gardner petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon recommendation of a United States magistrate, the court denied his petition without an evidentiary hearing pursuant to 28 U.S.C. § 1915(d).

Gardner claims he is entitled to an evidentiary hearing on whether he received ineffective assistance of counsel because his counsel failed to object to the second complaint filed against him on double jeopardy grounds and because his counsel failed to object to the changes between his plea bargain and the sentence ultimately imposed. He contends the district court improperly relied upon state records because no written findings, as required by 28 U.S.C. § 2254(d), were made. See *Hill v. Nelson,* 466 F.2d 1346 (9th Cir. 1972).

In order to sustain his claims Gardner must allege facts which, if proved, would entitle him to relief. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). He has not. The fact that for one burglary he was arraigned twice and two preliminary hearings were scheduled does not entitled him to relief on double jeopardy grounds. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Because the time he served prior to sentencing was credited, albeit on a separate matter, the essence of his plea bargain was kept. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); cf. *Schoultz v. Hocker,* 469 F.2d 681 (9th Cir. 1972). Likewise, since being sent to Chino for a diagnostic

---

* Honorable Donald P. Lay, United States Circuit Judge of the Eighth Circuit, sitting by designation.

evaluation is not a "direct" consequence of a guilty plea, the district court did not abuse its discretion in denying Gardner an evidentiary hearing on this aspect of his petition. See *Fruchtman v. Kenton,* 531 F.2d 946, 948 (9th Cir. 1976); *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364 (4th Cir. 1973).

Because Gardner has alleged no facts which indicate error of constitutional dimension in the state proceedings, we cannot say he received ineffective assistance of counsel as defined in *United States v. Stern,* 519 F.2d 521 (9th Cir. 1975) and *Brubaker v. Dickson,* 310 F.2d 30 (9th Cir. 1962). Accordingly, the district court's refusal to grant an evidentiary hearing and dismissal of the action as frivolous is affirmed.