James Julian JOURNIGAN, Petitioner-Appellant,

v.

John F. DUFFY, Sheriff, Respondent-Appellee.

No. 75–1404.

United States Court of Appeals, Ninth Circuit.

March 8, 1977.

Richard S. Henderson, San Diego, Cal., for petitioner-appellant.

Henry R. Mann, Deputy Dist. Atty., San Diego, Cal., for respondent-appellee.

Before CHOY and WALLACE, Circuit Judges, and RICHEY,* District Judge.

* Honorable Mary Anne Richey, United States District Judge, District of Arizona, sitting by designation.

WALLACE, Circuit Judge:

Journigan petitioned the district court for habeas corpus, challenging the constitutionality of the statute which was the basis of his state court conviction. The district judge did not reach the merits, holding that Journigan's guilty plea in the state court precluded federal habeas corpus relief. We reverse and remand for consideration of the merits of the petition.

## I. Background

A criminal complaint was filed against Journigan, charging violations of five different sections of the California Business and Professions Code. He pleaded not guilty and sought habeas corpus or other extraordinary relief in the state courts on the grounds that the statutes did not apply to him and, alternatively, that they were unconstitutional. His petition for extraordinary relief was denied and, pursuant to a plea bargain, Journigan pleaded guilty to one count. The remaining counts were dismissed.

Subsequently, Journigan unsuccessfully petitioned for habeas corpus in the California Court of Appeal and the California Supreme Court. He then filed a petition for federal habeas corpus in the district court pursuant to 28 U.S.C. § 2254. Before the district judge ruled on this petition, Journigan attempted to take a direct appeal from his conviction pursuant to California Penal Code § 1237.5.[1] A prerequisite to such an appeal subsequent to a guilty plea is the securing of a certificate of probable cause from the California Superior Court. Upon denial of the certificate, Journigan unsuccessfully sought a writ of mandate in the California Court of Appeal to compel its issuance. The California Supreme Court refused a petition for a rehearing on the denial of the writ of mandate.

In the federal district court, the judge ruled that Journigan's guilty plea in the state court precluded his habeas corpus petition pursuant to *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and *Mann v. Smith,* 488 F.2d 245 (9th Cir. 1973), *cert. denied,* 415 U.S. 932, 94 S.Ct. 1445, 39 L.Ed.2d 490 (1974).[2] On appeal from that ruling Journigan asserts that under Supreme Court decisions subsequent to *Tollett,* it was improper not to consider the merits of his petition for habeas corpus relief.

## II. Limitations upon Federal Habeas Corpus for State Prisoners

The Supreme Court has established that deliberate bypass of state remedies may act as a bar to federal habeas. In addition, the Court has held that certain constitutional claims may no longer be raised subsequent to a counseled guilty plea. To resolve the questions raised in this case properly, we must analyze the Supreme Court cases determining the scope of these two limitations.

### A. Deliberate By-Pass

In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court held that federal courts have power under 28 U.S.C. § 2254 to grant federal habeas corpus relief to a petitioner in state custody despite the petitioner's failure to have pursued a state remedy not available to him at the time of the application for habeas. 372 U.S. at 398–99, 83 S.Ct. 822. However, the Court also held that the federal courts may "deny relief to an applicant who has deliberately by-passed the orderly procedure of

---

1. Cal. Penal Code § 1237.5 states as follows:
   No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
   (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.

2. Resolving a conflict between the circuits, the Court, subsequent to the decision of the district court, implicitly overruled *Mann v. Smith* in *Lefkowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). In fairness to the district judge, we note that he filed a dissent as a member of the panel in *Mann v. Smith.*

the state courts and in so doing has forfeited his state court remedies." *Id.* at 438, 83 S.Ct. at 849.

The Court also provided standards for determining whether the petitioner had in fact deliberately by-passed the state courts.

> The classic definition of waiver enunciated in *Johnson v. Zerbst,* 304 U.S. 458, 464 [, 58 S.Ct. 1019, 82 L.Ed. 1461]—"an intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.

*Id.* at 439, 83 S.Ct. at 849.

■ Thus, a voluntary guilty plea may constitute a deliberate by-pass of orderly state procedures. *Lefkowitz v. Newsome,*

420 U.S. 283, 289, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975);[3] *McMann v. Richardson,* 397 U.S. 759, 768–69, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The guilty plea prevents the state trial court from reaching the constitutional questions and, in most states, prevents the defendant from raising those questions on appeal. In most states, therefore, by pleading guilty with an understanding of these consequences, the defendant deliberately refuses to place his federal claims before the state courts in the first instance.

■ This case, however, presents an unusual fact pattern. Subsequent to his guilty plea, Journigan did not take a direct appeal but he was permitted to raise his federal constitutional claim in a state habeas corpus proceeding.[4] Accordingly, the narrow issue first before us is whether a knowing and counseled guilty plea not followed by a direct appeal constitutes a deliberate by-pass of orderly state procedures, even though the state provided and the petitioner used state habeas corpus proceedings to challenge his conviction.

■ Under our federal system, procedures for the administration of the state courts are established by the states themselves. If the state establishes alternate avenues by which a claim may be raised, we should not require more exacting compli-

---

**3.** In *Lefkowitz,* the Court emphasized the procedural aspects of federal habeas corpus and the problem of deliberate by-pass. However, by implication, it also dealt with the substantive scope of habeas. In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Court implicitly disapproved of *Lefkowitz* insofar as it permitted the federal courts to hear Fourth Amendment claims in habeas proceedings "where the State has provided an opportunity for full and fair litigation of [the] Fourth Amendment claim." 428 U.S. at 494 & n. 14, 96 S.Ct. at 3052. The Court did not, however, explicitly overrule the case. Accordingly, we consider that *Lefkowitz* still speaks with authority in regard to the issue of by-pass, although its substantive aspects have been rejected. For a discussion of the substantive scope of habeas following a guilty plea, see II B *infra.*

**4.** Under California law, the constitutionality of legislation which serves as the basis for the

conviction may always be attacked on habeas corpus. *In re King,* 3 Cal.3d 226, 229 n. 2, 90 Cal.Rptr. 15, 17 n. 2, 474 P.2d 983, 985 n. 2 (1970), *cert. denied,* 403 U.S. 931, 91 S.Ct. 2249, 29 L.Ed.2d 709 (1971); *see In re Dixon,* 41 Cal.2d 756, 762–63, 264 P.2d 513, 516 (1953); *In re Spinks,* 253 Cal.App.2d 748, 751, 61 Cal. Rptr. 743, 745 (1967). Thus, because of the nature of Journigan's claim, his claim could be raised in state habeas proceedings subsequent to the guilty plea. *Cf. People v. Stanworth,* 11 Cal.3d 588, 604–07, 114 Cal.Rptr. 250, 262–63, 522 P.2d 1058, 1070–71 (1974).

In each of the state habeas proceedings subsequent to the guilty plea, the state court denied relief but prepared no opinion. However, because the state does permit the issue of constitutionality to be raised subsequent to a guilty plea, we assume that the merits of Journigan's petition were considered. *Cf. Gardner v. Griggs,* 541 F.2d 851 (9th Cir. 1976); *Thompson v. Procunier,* 539 F.2d 26 (9th Cir. 1976).

ance with state procedures than the state itself demands. Thus, where a state permits a defendant to raise constitutional issues in state habeas corpus proceedings subsequent to a guilty plea, we will not foreclose federal habeas because the defendant does not raise his constitutional claims on direct appeal. As the Court stated in *Fay*, the federal court may "deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and *in so doing has forfeited his state court remedies*." 372 U.S. at 438, 83 S.Ct. at 849 (emphasis added). Here, however, Journigan did not forfeit his state court remedies by pleading guilty. He could still raise his claim in state habeas corpus proceedings. Thus, under these circumstances, the plea did not constitute a deliberate by-pass. *See generally Warden v. Hayden*, 387 U.S. 294, 297 n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *United States ex rel. Ross v. Fike*, 534 F.2d 731, 734 (7th Cir. 1976); *Partida v. Castaneda*, 524 F.2d 481, 483 (5th Cir. 1975); *Hale v. Henderson*, 485 F.2d 266, 269 (6th Cir. 1973), *cert. denied*, 415 U.S. 930, 94 S.Ct. 1442, 39 L.Ed.2d 489 (1974); *Miller v. Carter*, 434 F.2d 824, 825 (9th Cir. 1970), *cert. denied*, 402 U.S. 972, 91 S.Ct. 1658, 29 L.Ed.2d 137 (1971); *Anders v. Turner*, 379 F.2d 46, 49–50 (4th Cir. 1967).

■ This result is consistent with the reasoning underlying the deliberate by-pass doctrine. The doctrine was born from comity—a recognition that in our federalism, appropriate recognition must be paid to state jurisdictions. Thus, the federal district judge in his discretion may "accord controlling effect to a state's insistence upon compliance with reasonable procedural rules which promote legitimate state interests." *Anders v. Turner, supra*, 379 F.2d at 50. It follows that if the state treated the voluntary guilty plea as a final resolution of

the criminal proceeding, thereby vindicating its interest in finality, *see* Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv.L.Rev. 441 (1963), the federal court could impose a forfeiture of federal habeas insofar as the petitioner's claim could have been raised at trial. *Lefkowitz v. Newsome, supra*, 420 U.S. at 289, 95 S.Ct. 886. However, comity provides no justification for imposing a forfeiture when the state itself does not treat the guilty plea as a final resolution of the proceedings.[5]

### B.  Claim Subsequent to Guilty Plea

■ In the *Brady* trilogy, *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), the Court established another bar to federal habeas subsequent to a guilty plea. In these cases, the Court held that a guilty plea, voluntarily and intelligently given upon the advice of competent counsel, barred a later collateral attack relating to the deprivation of constitutional rights that occurred prior to the entry of the plea. This principle was reaffirmed in *Tollett v. Henderson, supra*, 411 U.S. at 267, 93 S.Ct. 1602.[6]

■ While there is language in the trilogy suggesting that the reason for the rule was waiver of rights, *see, e. g., Brady v. United States, supra*, 397 U.S. at 748, 90 S.Ct. 1463, or deliberate by-pass, *see, e. g., McMann v. Richardson*, 397 U.S. at 768–69, 90 S.Ct. 1441, the Court later emphasized that neither waiver nor by-pass was the main theme. Rather, it was that a guilty plea establishes as a substantive matter the

---

5.  Because we hold that the guilty plea did not constitute a by-pass due to the availability of state habeas corpus subsequent to the plea, we need not consider whether Cal.Penal Code § 1237.5, providing for appeal subsequent to a guilty plea, affects the legal consequences of the plea with regard to federal habeas corpus. *Compare Lefkowitz v. Newsome, supra*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196.

6.  Subsequent to the guilty plea, a petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of competence] set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

factual guilt of the defendant.[7] *Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *see Tollett v. Henderson, supra,* 411 U.S. at 266, 93 S.Ct. 1602; *see also Lefkowitz v. Newsome, supra,* 420 U.S. at 295, 95 S.Ct. 886 (White, J., dissenting). Thus, a guilty plea may establish a substantive bar to habeas corpus separate and apart from the bar of deliberate bypass.

■ However, even though the guilty plea may establish factual guilt, it will not bar all constitutional claims. In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court held that a guilty plea was not a bar to federal habeas corpus where the underlying constitutional claim goes to the power of the state to bring the defendant into court to answer the charges brought against him. 417 U.S. at 30, 94 S.Ct. 2098. The Court distinguished the *Brady* trilogy and *Tollett* by noting that the "antecedent constitutional violations" in those cases were curable and did not go to the very power of the state to bring the defendant before the court. *Id.*

■ This distinction was subsequently discussed in *Menna v. New York, supra,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. There the defendant had pleaded guilty to a prosecution allegedly in violation of the double jeopardy clause. The inferior court, citing *Tollett*, had held that his double jeopardy claim was "waived" by his counseled guilty plea. *Id.* at 62, 96 S.Ct. 241. The Court rejected this result and held:

> Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction

was entered pursuant to a counseled plea of guilty. *Blackledge v. Perry*, 417 U.S. 21, 30 [, 94 S.Ct. 2098, 40 L.Ed.2d 628] (1974).

423 U.S. at 62, 96 S.Ct. at 242. It distinguished the *Brady* trilogy and *Tollett* as follows:

> The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore, does nor bar the claim.
>
> We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute.

423 U.S. at 62 n. 2, 96 S.Ct. at 242. Thus under *Blackledge*, as explained by *Menna*, the guilty plea will not bar federal habeas corpus as a substantive matter where the asserted constitutional rights go to the state's power to invoke criminal process against the defendant or where the defendant asserts a constitutional violation which is logically inconsistent with the valid establishment of factual guilt.[8]

7. Neither *Tollett v. Henderson*, 411 U.S. 258 [, 93 S.Ct. 1602, 36 L.Ed.2d 235] (1973), nor our earlier cases on which it relied, *e.g., Brady v. United States*, 397 U.S. 742 [, 90 S.Ct. 1463, 25 L.Ed.2d 747] (1970), and *McMann v. Richardson*, 397 U.S. 759 [, 90 S.Ct. 1441, 25 L.Ed.2d 763] (1970), stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. . . . [I]n *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, 411 U.S., at 266 [, 93 S.Ct. at 1607.] The point of these

cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case.

*Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975).

8. While *Blackledge* may be viewed as creating an "exception" to the *Brady-Tollett* doctrine barring federal habeas subsequent to a guilty plea, it does not necessarily create an exception

In this case, Journigan argues that he was prosecuted under an unconstitutional statute. This contention falls within the rule of *Blackledge* which holds that a guilty plea does not bar those claims which go to the power of the state to invoke criminal process against the defendant. 417 U.S. at 30, 94 S.Ct. 2098. Even if the guilty plea establishes as a factual matter that Journigan did the acts charged, a successful constitutional attack on the statute violated by those acts would undermine the foundation of the criminal prosecution, making those acts noncriminal. The statute, if unconstitutional, would be void and the conviction a nullity *ab initio*. As the Court explained in *Ex parte Siebold*, 100 U.S. 371, 376–77, 25 L.Ed. 717 (1879):

> [The constitutionality of the statute] affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.

Thus, Journigan's claim goes to the very authority of the state to hale him into court. *Menna v. New York, supra,* 423 U.S. at 62, 96 S.Ct. 241; *Blackledge v. Perry, supra,* 417 U.S. at 30, 94 S.Ct. 2098. Accordingly, Journigan's guilty plea does not bar federal habeas corpus on substantive grounds.

### III. Conclusion

We find no basis for holding that Journigan is barred from asserting his claim in federal habeas corpus proceedings. Accordingly, the decision of the district judge is reversed and the case is remanded for consideration of the merits of Journigan's petition.

REVERSED AND REMANDED.

to the deliberate by-pass doctrine. In *Blackledge,* there were no grounds for denying habeas on the basis of deliberate by-pass of state remedies. Perry challenged his conviction of felony assault on the grounds that he had previously been convicted of a misdemeanor involving the same acts and that the subsequent prosecution violated the double jeopardy clause. The Court did not reach this issue but held that, in a two-tiered system where a defendant is entitled after a trial in one court to a trial de novo in a higher court, substitution of a more serious charge for the original charge in retaliation for exercise of the right to a trial de novo violates the due process clause of the Fourteenth Amendment. 417 U.S. at 24–29, 94 S.Ct. 2098. Perry could not have intentionally refused to present this due process challenge to the state courts at the time of his guilty plea because at that time it was not known that such a challenge was available. Thus there was not a deliberate by-pass of the state courts. *See generally* Note, *The Guilty Plea as a Waiver of "Present but Unknowable" Constitutional Rights: The Aftermath of the* Brady *Trilogy,* 74 Colum.L.Rev. 1435, 1439–42 (1974).

Because *Blackledge v. Perry* deals only with the substantive scope of habeas subsequent to a plea of guilty in the state courts, it was still necessary for us to treat the deliberate by-pass issue discussed in part II A *supra.*