United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50369
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN ANTONIO MORALES-PINEDA,

                                        Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-27-1-FM
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Morales-Pineda (Morales) appeals his

guilty-plea conviction of conspiracy to possess with intent to

distribute more than 50 kilograms of marijuana.  He argues that

the merits of his appeal should be addressed despite an appeal

waiver in his plea agreement because the waiver was not informed

and voluntary.  He argues that his appeal waiver, to which he

agreed before the Supreme Court issued its decision in United

States v. Booker, 125 S. Ct. 738 (2005), was based on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneous advice that the guidelines were mandatory and that the district court was required to issue a sentence in conformity with those guidelines.  However, this argument is unavailing. See Brady v. United States, 397 U.S. 742, 757 (1970).  We conclude that Morales's appeal waiver was informed and voluntary. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

Citing the Ninth Circuit's opinion in Journigan v. Duffy, 552 F.2d 283, 289 (9th Cir. 1977), Morales also argues in a brief footnote that even if this court were to determine that his plea was made knowingly and voluntarily, the waiver was unenforceable because the statute under which he was sentenced, 18 U.S.C. § 3553(b)(1), has been struck down as unconstitutional.  However, this argument also is unavailing.  See Booker, 125 S. Ct. at 764-65, 769; United States v. McKinney, ___ F.3d ___, No. 04-41123, 2005 WL 887153, at *2-*3 (5th Cir. Apr. 15, 2005).

Because Morales waived his right to appeal as part of his plea agreement, we dismiss the appeal.  McKinney, 2005 WL 887153, at *1.

APPEAL DISMISSED.